UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------

JASSRY PROPERTIES LLC,

                   Plaintiff,

           -against-

RAN NIZAN,

                 Defendant.

------------------------------------------------------------------

       :   08 Civ. 00536 (JSR)
       :   ECF Case

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION, FAILURE TO
JOIN AN INDISPENSIBLE PARTY, AND FAILURE TO STATE A
CLAIM UPON WHICH RELIEF MAY BE GRANTED**

LAW OFFICE OF PETER M. SPETT
235 West 56th Street, Suite 31M
New York, New York 10019
Telephone: (917) 715-3823
Facsimile:  (646) 895-7585

*Attorneys for Defendant Ran Nizan*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT................................................................................................. 1

FACTS................................................................................................................................... 2

ARGUMENT......................................................................................................................... 3

   I. NO PERSONAL JURISDICTION EXISTS OVER
      DEFENDANT IN THIS FORUM........................................................................................ 3

      A. DEFENDANT IS NOT A NEW YORK DOMICILIARY
         AND DOES NOT DO BUSINESS, OR HAVE A "SYSTEMATIC
         AND CONTINUOUS" PRESENCE, IN NEW YORK SUFFICIENT
         TO PERMIT THIS COURT TO EXERCISE GENERAL JURISDICTION
         UNDER N.Y. CPLR § 301................................................................................................. 4

      B. DEFENDANT IS NOT SUBJECT TO SPECIFIC JURISDICTION
         IN NEW YORK UNDER N.Y. CPLR § 302.................................................................... 5

      C. THE DUE PROCESS CLAUSE OF THE U.S. CONSTITUTION
         BARS THE EXERCISE OF JURISDICTION OVER DEFENDANT
         IN NEW YORK.................................................................................................................... 7

  II. THIS ACTION MUST BE DISMISSED FOR PLAINTIFF'S FAILURE
      TO JOIN INDISPENSABLE PARTY LANSDALE APARTMENTS, LLC
      AND FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE
      GRANTED............................................................................................................................. 8

      A. LANSDALE LLC IS A NECESSARY AND INDISPENSABLE
         PARTY................................................................................................................................. 8

         1. The Complaint's Allegations Make Lansdale LLC a Necessary and
            Indispensable Party To This Action....................................................................... 9

         2. Virginia Law Also Makes Lansdale LLC a Necessary and Indispensable
            Party To This Action.............................................................................................. 11

         3. Under Rule 19(b), Lansdale LLC is an Indispensable Party
            To This Action........................................................................................................ 13

      B. UNDER VIRGINIA LAW, THIS ACTION ALSO SHOULD BE DISMISSED
         FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE
         GRANTED........................................................................................................................ 15

III. DISCOVERY SHOULD BE STAYED PENDING RESOLUTION OF
DEFENDANT'S MOTIONS................................................................................... 15

CONCLUSION.................................................................................................................. 17

## **TABLE OF AUTHORITIES**

### CASES

Aluminal Indus., Inc. v. Newtown Commercial Assocs., 89 F.R.D. 326 (S.D.N.Y. 1980)............ 6

American Booksellers Ass'n v. Houghton Mifflin Co., No. 94 Civ. 8566, 1995 WL 72376
    (S.D.N.Y. Feb. 22, 1995) ........................................................................ 16

Anti-Monopoly, Inc. v. Hasbro, Inc., No. 94 Civ. 2120, 1996 WL 101277
    (S.D.N.Y. March 7, 1996)........................................................................ 16

Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779 (2d Cir. 1999).............. 3

Best Van Lines, Inc. v. Walker, 490 F.3d 239 (2d Cir. 2007) ....................................... 5

Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985) ............................................. 7

Chrysler Capital Corp. v. Century Power Corp., 137 F.R.D. 209 (S.D.N.Y.1991) ..................... 16

Deutche Bank Sec., Inc. v. Montana Bd. of Invs., 850 N.E.2d 1140 (N.Y. 2006) .................... 5

DiStefano v. Carozzi N. A. Inc., 286 F.3d 81 (2d Cir. 2001) ...................................... 3

Flores v. Southern Peru Copper Corp., 203 F.R.D. 92 (S.D.N.Y. Apr. 19, 2001)..................... 16

General Technology Applications, Inc. v. Exro Ltda , 338 F.3d 114 (4th Cir. 2004) ....... 11-12, 15

Hagan v. Adams Prop. Assoc., Inc., 482 S.E.2d 805 (Va. 1997) .................................... 12

Hopkins v. Duckett, No. 02-5589 (JCL), 2006 WL 3373784 (D.N.J. Nov. 21, 2006)........... 10, 14

Int'l Shoe Co. v. Washington, 326 U.S. 310 (1945)................................................ 7

Knox Leasing v. Turner, 132 N.H. 68, 562 A.2d 168 (N.H. 1989) ................................. 10

Koehler v. Bank of Bermuda Ltd., 101 F.3d 863 (2d Cir.1996)..................................... 3

Lancaster v. Colonial Motor Freight Line, Inc., 581 N.Y.S.2d 283 (N.Y. App. Div. 1992)....... 6-7

Landoil Resources Corp. v. Alexander & Alexander Services, Inc., 918 F.2d 1039
    (2d Cir. 1990)................................................................................. 4

Laufer v. Ostrow, 434 N.E.2d 692 (N.Y. 1982) .................................................... 4

Marine Midland Bank, N.A. v. Miller, 664 F.2d 899 (2d Cir. 1981) ................................ 3

Mission Residential, LLC v. Triple Net Properties, LLC, 654 S.E.2d 888 (Va. 2008) .......... 12, 15

Perkins v. Benguet Consol. Mining Co., 342 U.S. 437 (1952)........................................ 4

Simmons v. Miller , 544 S.E.2d 666 (Va. 2001).......................................................... 12

Smith v. Kessner, 183 F.R.D. 373 (S.D.N.Y. 1998)..................................................... 13

Trademark Retail, Inc. v. Apple Glen Investors, L.P., 196 F.R.D. 535 (N.D. Ind. 2000)...9-10, 14

Transunion Corp. v. PepsiCo, Inc., 811 F.2d 127, 130 (2d Cir.1987) ........................................... 16

Trident-Allied Assocs., LLC v. Cypress Creek Assocs., LLC, 317 F. Supp. 2d 752
 (E.D. Mich. 2004) ..................................................................................... 10, 14

Trivedi v. Pathak, No. 3:08CV3-HEH, 2008 WL 1758913 (E.D. Va. Apr. 16, 2008).......... 12, 15

Weber v. King, 110 F. Supp. 2d 124 (E.D.N.Y. 2000) ................................................9-10, 13-14

World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980) ...................................... 7

## STATUTES

N.Y. Civ. Prac. L. & R. § 301 (2008) ...............................................................4-5

N.Y. Civ. Pract. L. & R. § 302 (2008) ............................................................4-7

N.Y. LLC Law § 203(d)............................................................................... 9

Va. Code Ann. § 13.1-1021 (2008)............................................................... 12

Va. Code Ann. § 13.1-1042 (2008)...........................................................12-13, 15

## RULES

Fed. R. Civ. P. 12(b)(2) .......................................................................... 1, 3, 8

Fed. R. Civ. P. 12(b)(6)........................................................................... 2, 8, 15

Fed. R. Civ. P. 12(b)(7)........................................................................... 1, 8, 15

Fed. R. Civ. P. 19(a).............................................................................. 1, 8-13, 15

Fed. R. Civ. P. 19(b) ............................................................................1, 8-9, 13-15

Fed. R. Civ. P. 23.1 .............................................................................. 13

Fed. R. Civ. P. 26 ................................................................................ 2, 16

## <u>CONSTITUTIONAL PROVISIONS</u>

Due Process Clause of the U.S. Constitution.............................................................................. 1, 7

## PRELIMINARY STATEMENT

Not a single valid reason exists why this case should be in this Court. Nevertheless, plaintiff, a Virginia limited liability company whose members are residents of the state of Virginia, has elected to commence this action before this Court against a citizen of the state of Connecticut claiming alleged mismanagement of Lansdale Apartments LLC[1] (hereinafter, the "Lansdale LLC"), also a Virginia limited liability company, which has all of its assets in Virginia. As demonstrated in this Memorandum of Law and the accompanying Affidavit of Ran Nizan sworn to on June 4, 2008 (hereinafter cited as "Nizan Aff."), this Court lacks personal jurisdiction over defendant. Defendant is not a New York domiciliary and is not subject to this Court's jurisdiction under New York's long-arm statute. Moreover, defendant has no minimum contacts with the state of New York and therefore the Due Process Clause of the U.S. Constitution bars this Court from exercising jurisdiction over defendant. Accordingly, this action should be dismissed for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

Moreover, even in the unlikely event that this Court determines it has personal jurisdiction over defendant, plaintiff, a member of Lansdale LLC, has failed to bring this action derivatively on behalf of Lansdale LLC, which is a necessary and indispensable party required by law to be a plaintiff in these proceedings. Accordingly, in the alternative, this action should be dismissed for failure to join an indispensable party under Rules 12(b)(7) and 19 of the Federal

---

[1] For purposes of this motion to dismiss, all allegations of the complaint are assumed to be true except for the allegation that defendant resides in the state of New York. If and when the time is ripe, defendant will challenge the factual validity of plaintiff's allegations, including, inter alia, those allegations made by plaintiff concerning defendant's purported role in managing Lansdale LLC.

Rules of Civil Procedure and for failure to state a claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

To avoid unnecessary expense in defending an action that defendant believes should never have been brought in this forum, defendant respectfully requests that this Court exercise its discretion to stay all discovery in this case (including Rule 26(a) Initial Disclosures) pending resolution of its motions.

## FACTS

Defendant Ran Nizan is a resident of the state of Connecticut, having a current home address at 109 Boulevard Drive, Danbury, Connecticut. (Nizan Aff. ¶ 3). He has lived in Connecticut since 1998. Id. These facts sworn to by defendant in his affidavit disprove the only jurisdictional allegation made in the complaint, which erroneously alleges that defendant currently lives in an apartment at 609 Columbus Avenue, New York, New York. (Compl. ¶ 3). Defendant has not lived or resided at that address since 1998, nor has he lived or resided at any other address in New York since 1998. (Nizan Aff. ¶¶ 3, 6). That apartment is owned by his wife and defendant has no ownership interest in it. Id.

In addition to not being a domiciliary of New York, defendant does not do any business in New York State. He does not employ any individuals in New York and has no agents, other than his legal counsel, located or operating in the state of New York. (Nizan Aff. ¶ 4). He does not transact any business within the state of New York, nor has he contracted in other states to supply goods or services in the state of New York. (Nizan Aff. ¶ 5). He does not own, possess, use or occupy real property in the state of New York. (Nizan Aff. ¶ 6).

The allegations of the complaint entirely refer to Lansdale Apartments LLC (the "Lansdale LLC"). Lansdale LLC is a limited liability company organized and existing under the

-2-

laws of the state of Virginia. (Nizan Aff. ¶ 7). All of its assets are located in Virginia. Id. According to the operating agreement of Lansdale LLC (the "Operating Agreement"), its application and interpretation shall be governed exclusively by the Operating Agreement's terms and by the laws of the State of Virginia, and specifically the Virginia Limited Liability Company Act. (Nizan Aff. ¶ 8).

In summary, plaintiff, a Virginia citizen, is attempting to force defendant, a Connecticut citizen, to defend himself in New York, a state where he has no contacts, raising claims concerning a Virginia limited liability company that exclusively does business in Virginia. Moreover, as further demonstrated in the legal arguments below, the claims made in this action improperly have been brought by plaintiff as a member of Lansdale LLC, rather than asserted by plaintiff derivatively on behalf of Lansdale LLC as required by Virginia law. On the basis of all these facts, the complaint should be dismissed with prejudice.

**ARGUMENT**

**I.    NO PERSONAL JURISDICTION EXISTS OVER DEFENDANT IN THIS FORUM**

Personal jurisdiction in a diversity action is determined by the law of the state in which the court sits. Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865 (2d Cir.1996). "When responding to a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant." DiStefano v. Carozzi N.A. Inc., 286 F.3d 81, 84 (2d Cir. 2001) (quoting Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 784 (2d Cir. 1999)). When the motion is made at the pleading stage without a "full-blown evidentiary hearing," the plaintiff must "make a prima facie showing that the court possesses personal jurisdiction over the defendant." Id., 286 F.3d at 84 (quoting Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 904 (2d Cir. 1981)).

While the complaint alleges that "Defendant Nizan resides in the State of New York at 609 Columbus Avenue, New York, New York 10024" (Compl. ¶ 3), defendant's affidavit accompanying this memorandum shows that this allegation is untrue. (Nizan Aff. ¶¶ 3, 6). Defendant's affidavit demonstrates that this court lacks personal jurisdiction over defendant, since (a) defendant may not be considered a New York domiciliary or "doing business" in New York State under N.Y. CPLR § 301, and (b) defendant, as a non-domiciliary, is not subject to specific jurisdiction in New York under N.Y. CPLR § 302.

### A.    DEFENDANT IS NOT A NEW YORK DOMICILIARY AND DOES NOT DO BUSINESS, OR HAVE A "SYSTEMATIC AND CONTINUOUS" PRESENCE, IN NEW YORK SUFFICIENT TO PERMIT THIS COURT TO EXERCISE GENERAL JURISDICTION UNDER N.Y. CPLR § 301

Under New York law, defendant is subject to general personal jurisdiction in New York if he is either a New York domiciliary or is "doing business" in the state. See N.Y. Civ. Prac. L. & R. § 301 (2008) (codifying case law that incorporates "doing business" standard). To meet this standard, plaintiff must show that defendant resides in New York or engages in "continuous, permanent, and substantial activity in New York." Landoil Resources Corp. v. Alexander & Alexander Services, Inc., 918 F.2d 1039, 1043 (2d Cir. 1990); see also Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 447-448 (1952) (holding that general jurisdiction requires "continuous and systematic" contacts between non-resident defendant and forum state); Laufer v. Ostrow, 434 N.E.2d 692, 694 (N.Y. 1982) (holding that jurisdiction under CPLR § 301 based upon the "doing business" standard may only be had if defendant is engaged in " 'such a continuous and systematic course' of activity that it can be deemed to be 'present' in the State of New York" (citations omitted)).

Defendant is an individual who has resided from 1998 through the present in Connecticut and not New York. (Nizan Aff. ¶¶ 3, 6). He does not transact or conduct business in any sense

in New York (Nizan Aff. ¶¶ 4, 5), and plaintiff's complaint does not contain a single allegation suggesting that defendant has the type of "continuous and systematic" contacts with New York required for the assertion of general personal jurisdiction over him in this action. Accordingly, because defendant lacks any regular or continuous contacts with New York, this court has no personal jurisdiction over him under N.Y. CPLR § 301.

### B.    DEFENDANT IS NOT SUBJECT TO SPECIFIC JURISDICTION IN NEW YORK UNDER N.Y. CPLR § 302

Specific jurisdiction is governed by New York's long-arm statute, which permits a court to exercise personal jurisdiction over a non-domiciliary who in person or through an agent:

> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>
> 2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
>
> 3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
>
>   (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>
>   (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
>
> 4. owns, uses or possesses any real property situated within the state.

N.Y. Civ. Prac. L. & R. § 302(a) (2008). Plaintiff has failed to allege any facts that would support exercise of personal jurisdiction by this court over the defendant under any of the above-enumerated circumstances.

"To determine the existence of jurisdiction under section 302(a)(1), a court must decide (1) whether the defendant 'transacts any business' in New York, and, if so, (2) whether this cause of action 'aris[es] from' such a business transaction." Best Van Lines, Inc. v. Walker, 490 F.3d 239, 246 (2d Cir. 2007) (citing Deutche Bank Sec., Inc. v. Montana Bd. of Invs., 850 N.E.2d 1140, 1142 (N.Y. 2006)). There must be a nexus or substantial relationship between the claim asserted and the actions that occurred in New York. Id. None of the allegations in the complaint meet these requirements. Plaintiff does not allege that defendant has transacted any business in New York. Moreover, plaintiff's two causes of action have no nexus or substantial relationship to defendant's transaction of business in New York. Those claims entirely relate to business and assets owned in Virginia by Lansdale LLC, a Virginia limited liability company. (Compl. ¶¶ 4, 11-15; Nizan Aff. ¶ 7).

Plaintiff has also failed to make any allegations in support of the exercise of jurisdiction over defendant pursuant to N.Y. CPLR § 302(a)(2) or (3). The complaint is devoid of any allegation that defendant committed a tort in New York or caused injury to a person or property within New York through an extra-territorial tortious act. Moreover, since plaintiff is a Virginia LLC and its members are alleged to reside in Virginia (Compl. ¶ 2), and the complaint's allegations entirely involve assets located in Virginia (Compl. ¶¶ 4, 11-15), any purportedly tortious act or injury caused thereby would have had to occur in Virginia.

Lastly, N.Y. CPLR § 302(a)(4) is not applicable, since that provision of the New York's long-arm statute "is confined to actions arising from the ownership, use or possession of real property; the statute does not make ownership, use or possession of real property per se a basis of jurisdiction." Aluminal Indus., Inc. v. Newtown Commercial Assocs., 89 F.R.D. 326, 329 (S.D.N.Y. 1980); see also Lancaster v. Colonial Motor Freight Line, Inc., 581 N.Y.S.2d 283, 288

-6-

(N.Y. App. Div. 1992) (holding that "even if plaintiff were able through additional discovery, to prove her bare allegation that appellants owned real property in this state, such would not be sufficient under subdivision (a)(4) of the statute to invoke long-arm jurisdiction with respect to the instant case because that subdivision, too, requires a relationship between the property and the cause of action sued upon").

**C.    THE DUE PROCESS CLAUSE OF THE U.S. CONSTITUTION BARS THE EXERCISE OF JURISDICTION OVER DEFENDANT IN NEW YORK**

The Due Process Clause of the U.S. Constitution allows a court to "exercise personal jurisdiction over a non-resident defendant only so long as there exist 'minimum contacts' between the defendant and the forum State." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980) (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). "Minimum contacts" means that a defendant's "conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." Id., 444 U.S. at 297. Essential to the exercise of personal jurisdiction in each case is "some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). Absent such contacts, asserting jurisdiction would offend traditional notions of fair play and substantial justice. Id., 471 U.S. at 472.

In this action, the only allegation of the complaint concerning defendant's contacts with New York is the untrue assertion that he resides at 609 Columbus Avenue, New York, New York 10024. Defendant's affidavit directly refutes that untrue allegation. Defendant has not resided in New York since 1998 (Nizan Aff. ¶¶ 3, 6), he does not conduct any business of any kind in New York (Nizan Aff. ¶¶ 4, 5), nor does plaintiff allege any cause of action arising out of any activity of defendant in New York (Compl. ¶¶ 11-15).

Accordingly, for all the reasons set forth above, this court lacks personal jurisdiction over defendant and plaintiff's complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

## II.    THIS ACTION MUST BE DISMISSED FOR PLAINTIFF'S FAILURE TO JOIN INDISPENSABLE PARTY LANSDALE APARTMENTS, LLC AND FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiff alleges that it holds a twenty percent interest in Lansdale LLC (Compl. ¶ 4), and asserts its two claims only as an individual LLC member and not derivatively on behalf of Lansdale LLC. However, plaintiff's two claims against defendant are entirely based on injuries that allegedly were or will be suffered by Lansdale LLC and <u>all</u> of its members. (Compl. ¶¶ 11-15). As explained below, these claims may only be raised in a derivative action by Lansdale LLC, which is a necessary and indispensable party to this action. Accordingly, the complaint must be dismissed under Rules 12(b)(7) and 19 of the Federal Rules of Civil Procedure.

In paragraph 8 of the complaint, plaintiff admits that it considered "to have this suit brought for Lansdale [LLC] by its managers" but failed to do so because "upon information and belief" any "efforts to do so would be futile." (Compl. ¶ 8). However, this allegation made upon information and belief is not only purely hypothetical, it is immaterial since Lansdale LLC is an indispensible party to this action as a matter of law. Even assuming the complaint's allegation of "futil[ity]" to be true, Virginia law requires that plaintiff assert its claims in a derivative action on Lansdale LLC's behalf. Accordingly, this action also must be dismissed for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

### A.    LANSDALE LLC IS A NECESSARY AND INDISPENSABLE PARTY

Rule 19(a) of the Federal Rules of Civil Procedure requires compulsory joinder whenever a party's absence prevents "complete relief . . . among those already parties," or where the absent party has "an interest relating to the subject of the action" which may, "as a practical matter," be

jeopardized or prejudiced by further adjudication in its absence. Fed. R. Civ. P. 19(a)(1), (2)(i).

Rule 19(b) enumerates four factors to be considered in determining whether failure to join a

necessary party under 19(a) warrants dismissal: (1) prejudice to both absent and present parties if

the suit were to proceed; (2) the ability of the court to ameliorate or avoid such prejudice through

the shaping of relief; (3) whether a judgment rendered in the party's absence would be adequate;

and (4) the adequacy of a remedy for plaintiff elsewhere if the action were dismissed. See

generally Weber v. King, 110 F. Supp. 2d 124, 129-130 (E.D.N.Y. 2000); Trademark Retail, Inc.

v. Apple Glen Investors, L.P., 196 F.R.D. 535, 538 (N.D. Ind. 2000).

### 1.    The Complaint's Allegations Make Lansdale LLC a Necessary and Indispensable Party To This Action

The complaint in this action bears direct resemblance to the facts of Weber v. King, supra.

In that case, the court dismissed a breach of contract action filed by two members of a limited

liability company seeking money damages and an injunction preventing the third member of the

LLC and her alleged supporters from destroying the LLC's business. The court ruled that under

Rule 19(a) the LLC was a necessary party to the action because:

> . . . Under New York's Limited Liability Company Law
> (NYLLCL), an LLC is a "separate legal entity." NYLLCL § 203(d)
> (West 2000). Its members are afforded corporate-like limited
> liability protection, i.e., members do not have personal liability for
> the debts, obligation, or liabilities of the LLC. In addition, like a
> corporation, it has rights and obligations which are separate and
> distinct from those of its members. It follows that the Company's
> interests may also be distinct from those of its members.
>
> For example, were the Company to be dissolved, creditors
> of the Company would hold an equitable interest in its assets that
> may compete with the interest held by Plaintiffs. Because the
> creditors' claims would not be able to reach the members
> personally, Plaintiffs cannot represent the interests of the Company
> in determining the validity of the creditors' claims. . . .
>
> Finally, the fact that all members of the Company are
> before the Court is insufficient to assure adequate representation of

the Company's interests where, as here, the members are in conflict.
As one court noted,

> If each individual partner appears before the
> court to represent his or her individual partnership
> interest, and if those interests are in conflict, then in
> representing themselves the partners are no longer
> effecting an adequate representation of the totality
> of interests, and the partnership must be represented
> by licensed counsel . . .

Knox Leasing v. Turner, 132 N.H. 68, 562 A.2d 168, 172 (N.H. 1989).

Weber v. King, 110 F. Supp. 2d at 128 (footnotes omitted); see also Trident-Allied Assocs., LLC v. Cypress Creek Assocs., LLC, 317 F. Supp. 2d 752, 754-756 (E.D. Mich. 2004) (holding LLC necessary party under Rule19(a) for claims that would clearly be derivative); Hopkins v. Duckett, No. 02-5589 (JCL), 2006 WL 3373784, at *8 (D.N.J. Nov. 21, 2006) (same); Trademark Retail, Inc. v. Apple Glen Investors, L.P., 196 F.R.D. at 540-543 (same).

The claims in this lawsuit have been brought improperly by plaintiff in its individual capacity as LLC member instead of derivatively on behalf of Lansdale LLC. Plaintiff's allegations assert purported injuries which were allegedly suffered by or will be suffered by Lansdale LLC itself and/or its assets. The complaint states that defendant "breached his duties of loyalty and good faith to Lansdale [LLC] and its members," by "[f]ailing to have basic management, accounting and reporting systems in place to protect the assets of Lansdale [LLC] for the benefit of all of its members . . . ", "[c]ausing or allowing Lansdale [LLC] to conduct its business in an unsafe, imprudent and unlawful manner," and "[c]ausing and permitting application of assets of Lansdale [LLC] to his personal use. . . ." (Compl. ¶ 10 (emphasis added)).

In the first cause of action, plaintiff asserts that "[u]pon information and belief, defendant Nizan has caused and allowed assets of Lansdale [LLC] to be distributed to himself without [an]

-10-

accounting" and has thereby engaged in "mismanagement of the financial affairs of Lansdale [LLC] . . .". (Compl. ¶¶ 11-12). By these express allegations, plaintiff directly accuses defendant of harm to Lansdale LLC and <u>all</u> of its members. <u>Id.</u>  In the second cause of action, plaintiff asserts that "[u]pon information and belief, unless retrained by this court, defendant Nizan may . . . plac[e] a mortgage on the apartment complex which is the sole asset of Lansdale [LLC] and apply[] any net proceeds of that mortgage transaction to his own use." (Compl. ¶ 13). While the complaint only speaks to potential damage to plaintiff as a result of this hypothetical circumstance, these allegations focus upon potential future conduct by the defendant that would necessarily affect the interests of Lansdale LLC and <u>all</u> of its members.

Accordingly, under the principles of the legal precedents set forth above, the complaint's two causes of action, by expressly and directly implicating the rights of Lansdale LLC and all of its members, make Lansdale LLC a necessary party under Rule 19(a). Lansdale LLC (and each and every one of its members) has an interest relating to the subject of the complaint's two causes of action which may, as a practical matter, be jeopardized or prejudiced by further adjudication in its absence.

### 2. Virginia Law Also Makes Lansdale LLC a Necessary and Indispensable Party To This Action

In a diversity case, the court must consult state law to determine the nature of the litigant's rights and whether it is entitled to assert the claims it makes. <u>General Technology Applications, Inc. v. Exro Ltda</u>, 388 F.3d 114, 118 (4th Cir. 2004). Lansdale LLC is a limited liability company organized under the laws of Virginia, and plaintiff is a limited liability company organized under the laws of Virginia whose members are residents of Virginia (Nizan Aff. ¶ 7; Compl. ¶ 2). In addition, the operating agreement of Lansdale LLC requires application of Virginia law, specifically the Virginia Limited Liability Company Act. (Nizan Aff. ¶ 8).

-11-

A Virginia limited liability company, in contrast to a partnership, is an entity separate from its members, and it may acquire property, sue, or be sued.  General Technology Applications, 388 F.3d at 118-119; Hagan v. Adams Prop. Assoc., Inc., 482 S.E.2d 805, 807 (Va. 1997); Va. Code Ann. § 13.1-1021 (2008). The property of such an entity, once acquired, "vests in the limited liability company." Va. Code Ann. § 13.1-1021 (2008). Any claims concerning mismanagement of the property of the LLC are exclusively the subject of a derivative action on behalf of the LLC.  See Va. Code Ann. § 13.1-1042 (2008) (providing for and setting forth requirements for LLC derivative right of action).

Under Virginia law, the rule created by Va. Code Ann. § 13.1-1042 is that a member of an LLC, as distinguished from a representative of the LLC, may not sue for mismanagement, negligence or the like, on a cause of action which belongs to the LLC. See General Technology Applications, 388 F.3d at 118-119 (applying  to LLCs the principle set forth by the Virginia Supreme Court in Simmons v. Miller, 544 S.E.2d 666, 673-675 (Va. 2001) that makes no exceptions for direct claims in cases of closely held corporations).  Accordingly, the remedial rights of a member of an LLC with respect to wrongs committed against the LLC by the management of the LLC are derivative rights and any action taken by the individual LLC members to redress such wrongs must be for the benefit of the LLC. See General Technology Applications, 388 F.3d at 119 (holding that individual LLC member has no standing to assert any right of action concerning LLC property); see also Trivedi v. Pathak, No. 3:08CV3-HEH, 2008 WL 1758913, at *1 (E.D. Va. Apr. 16, 2008) (same); Mission Residential, LLC v. Triple Net Properties, LLC, 654 S.E.2d 888, 891 (Va. 2008) (same).  Based on these legal authorities, Lansdale LLC is a necessary party under the legal standards set forth above for Rule 19(a).

Although plaintiff alleges that any effort by it to have this suit brought by the managers of Lansdale LLC would be futile (Compl. ¶ 8), the Virginia statute for a derivative right of action would allow the derivative action to be brought by plaintiff in the LLC's name under such conditions, if "members or managers with authority to [bring the derivative action] have refused to bring the action or if an effort to cause those members or managers to bring the action is not likely to succeed" and plaintiff "fairly and adequately represent the interests of the members and the limited liability company in enforcing the right of the limited liability company." Va. Code § 13.1-1042 (2008); see also Fed. R. Civ. P. 23.1 (imposing similar requirements before bringing a derivative action on behalf of an unincorporated association). Plaintiff fails to even attempt to satisfy these statutory requirements here.

### 3.    Under Rule 19(b), Lansdale LLC is an Indispensable Party To This Action

Lansdale LLC is an indispensable party under the four factors for consideration under Rule 19(b). In Weber v. King, supra, after determining that the LLC at issue was a necessary party under Rule 19(a), the court determined that under Rule 19(b), the action could not proceed without joinder of the LLC for several reasons. First, plaintiffs' claims of mismanagement of the LLC's assets by defendants impacted the interests of the LLC itself, as distinct from the interests of its members, because with respect to the LLC, "[p]laintiffs have no property interest in the assets of the company, but only a right to share in its profits." Weber v. King, 110 F. Supp. 2d at 129-130. Second, the defendants might suffer prejudice because the LLC could bring a separate suit against them on the same claims presented by the plaintiffs, thereby subjecting the defendants to multiple potentially inconsistent verdicts. Id., 110 F. Supp. 2d at 130 (citing Smith v. Kessner, 183 F.R.D. 373, 376 (S.D.N.Y. 1998) (finding limited partnership indispensable where "defendants face a substantial risk of incurring multiple obligations on the same claim")).

Third, the plaintiffs still would have an adequate remedy if the action were dismissed by litigating their claims in state court. Id., 110 F. Supp. 2d at 130. See also Trident-Allied Assocs., LLC, 317 F. Supp. 2d at 754-756 (E.D. Mich. 2004) (holding plaintiffs' claims for breach of management agreements of LLCs made the LLCs indispensable parties under Rule 19(b)); Hopkins v. Duckett, No. 02-5589 (JCL), 2006 WL 3373784, at *8 (D.N.J. Nov. 21, 2006) (holding that where claims before the court impact the interests of the LLC as well as its members, the LLC is an indispensible party under Rule 19(b)); Trademark Retail, Inc. v. Apple Glen Investors, L.P., 196 F.R.D. at 540-543 (holding that since the parties were members of an LLC in a conflict that would necessarily seem to implicate the rights and/or duties of the LLC, the LLC was an indispensable party to the case).

In this case, the four factors for consideration under Rule 19(b) weigh heavily in favor of finding that Lansdale LLC is an indispensable party. First, both defendant and the absent Lansdale LLC would be prejudiced by not having Lansdale LLC as a party in this case. Any judicial determination by this Court as to defendant's actions with respect to the assets of Lansdale LLC would necessarily impact the interests of Lansdale LLC and all the individual Lansdale LLC members. (Nizan Aff. ¶ 12). As shown above, plaintiff does not have a direct interest to make claims with respect to the management of the assets of Lansdale LLC. Moreover, without having Lansdale LLC as a party in this action, defendant and Lansdale LLC may face multiple lawsuits and inconsistent judicial determinations on the same allegations as those made in the complaint. (Nizan Aff. ¶ 12).

Second, it is not possible for this Court to avoid the prejudice to defendant, Lansdale LLC, and the other members of Lansdale LLC by fashioning judicial relief when the dispute at hand necessarily implicates the rights and the obligations of Lansdale LLC and assets of

-14-

Lansdale LLC.  Third, a judgment rendered in the absence of Lansdale LLC clearly would be inadequate when the law demands that a derivative action be brought with respect to plaintiff's claims.  Fourth, there is an available forum for the assertion of the claims made here – a derivative action brought on behalf of Lansdale LLC in Virginia state court under the statutory provisions of Va. Code Ann. § 13.1-1042.

Accordingly, for all the above-stated reasons, the complaint should be dismissed with prejudice under Rules 12(b)(7) and 19 of the Federal Rules of Civil Procedure for failure to join an indispensable party.

### B.  UNDER VIRGINIA LAW, THIS ACTION ALSO SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

This action should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure because, as demonstrated in Point II.A.2. supra, the remedial rights of a member of an LLC with respect to wrongs committed against the LLC by the management of the LLC are derivative rights and any action taken by the individual LLC members to redress such wrongs must be for the benefit of the LLC.  See General Technology Applications, 388 F.3d at 119 (holding that individual LLC member has no standing to assert any right of action concerning LLC property); see also Trivedi, 2008 WL 1758913, at *1 (E.D. Va. Apr. 16, 2008) (same); Mission Residential, LLC, 654 S.E.2d at 891 (Va. 2008) (same).

### III.  DISCOVERY SHOULD BE STAYED PENDING RESOLUTION OF DEFENDANT'S MOTIONS

To avoid unnecessary expense in defending an action that defendant believes should never have been brought by plaintiff in this forum, defendant respectfully requests that this Court exercise its discretion to stay all discovery in this case (including Rule 26(a) Initial Disclosures) pending resolution of its motion to dismiss. District courts have discretion to stay discovery for

"good cause" pending resolution of a motion to dismiss.  See Fed. R. Civ. P. 26(c); Transunion

Corp. v. PepsiCo, Inc., 811 F.2d 127, 130 (2d Cir.1987); Anti-Monopoly, Inc. v. Hasbro, Inc.,

No. 94 Civ. 2120, 1996 WL 101277, at *2 (S.D.N.Y. March 7, 1996).  Good cause "requires a

showing of facts militating in favor of the stay."  American Booksellers Ass'n, Inc. v. Houghton

Mifflin Co., No. 94 Civ. 8566, 1995 WL 72376, at *1 (S.D.N.Y. Feb. 22, 1995).  Courts in the

Southern District of New York hold that a stay of discovery is appropriate pending resolution of

a potentially dispositive motion where the motion "appear[s] to have substantial grounds" or,

stated another way, "do[es] not appear to be without foundation in law."  Chrysler Capital Corp.

v. Century Power Corp., 137 F.R.D. 209, 209-10 (S.D.N.Y. 1991); see also Flores v. Southern

Peru Copper Corp., 203 F.R.D. 92, 94 (S.D.N.Y. Apr. 19, 2001) (power to stay initial disclosures

"pending resolution of [a] motion to dismiss, if the defendant makes a strong showing that the

plaintiff's claim is unmeritorious" (quoting 6 Moore's Federal Practice § 26.22[3][b] at 26-64 (3d

ed. 1997)); Anti-Monopoly, 1996 WL 101277, at *2 (good cause "may be shown where a party

has filed (or sought leave to file) a dispositive motion such as a motion to dismiss").

## CONCLUSION

For all the reasons set forth in this Memorandum of Law and the accompanying Affidavit of Defendant Ran Nizan in Support of Defendant's Motion to Dismiss, defendant respectfully requests this Court stay discovery in this action pending resolution of defendant's motion to dismiss, and grant an order:

      A.      Dismissing plaintiff's complaint in its entirety based upon lack of personal jurisdiction; or

      B.      In the alternative, dismissing plaintiff's complaint in its entirety for failure to join an indispensable party; or

      C.      In the alternative, dismissing plaintiff's complaint in its entirety for failure to state a claim upon which relief can be granted; and

      D.      Granting such other relief as this Court may deem just and proper.

Dated: New York, New York
       June 6, 2008

                              Respectfully submitted,

                              LAW OFFICE OF PETER M. SPETT

                              By:  _s/ Peter M. Spett_____
                                   Peter M. Spett (PMS-1080)
                                 235 West 56th Street, Ste. 31M
                                 New York, New York 10019
                                 Telephone:  (917) 715-3823
                                 Facsimile:  (646) 895-7585

                              *Attorneys for Defendant Ran Nizan*

-17-