UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASSRY PROPERTIES LLC,  :  Index No. '08 Civ. 00536 (JSR)
            Plaintiff,  :  **AFFIDAVIT OF ROBERT FREDERIC MARTIN, ESQ., IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**
   -against-  :
RAN NIZAN,  :
            Defendant  :

ROBERT FREDERIC MARTIN deposes:

1.    I am an attorney admitted to the Bar of this court of counsel to The Abramson Law Group, PLLC, attorneys in this action for plaintiff Jassry Properties LLC ("Jassry"). I am familiar with the facts and the prior proceedings in this action. I make this affidavit in opposition to defendant's motion to dismiss the Complaint for alleged lack of personal jurisdiction of the defendant, failure to join an indispensable party, Lansdale Apartments, LLC ("Lansdale"), and failure to state a claim on the grounds that plaintiff's claims purportedly belong to Lansdale and may only be asserted in a derivative action pleaded on behalf of Lansdale.

2.    As shown in the April 2, 2008 letter of Peter M. Spett, Esq., defendant's attorney, a copy of which is included in Exhibit D to defendant's moving affidavit, defendant had duly "authorize[d him] to accept service on [defendant's] behalf," and service was thereafter made on Mr. Spett under cover of my letter of May 16, 2008, a copy of which was also included in defendant's Exhibit D. It is not clear as to why this is not the end of the discussion.

3.    Assuming that there is any more to be said, the Affidavit of Service of plaintiff's process server, Darryl A. Greene, verified on March 28, 2008, true copy annexed to this affidavit as Exhibit A, shows that he had made five attempts to deliver the Summons and

Complaint to Apartment 18-R, 609 Columbus Avenue, New York, New York 10025, on February 26, 27, and March 1, 11, and 15, 2008, that he then affixed a copy of the papers on the door and followed up by mailing another copy on March 17, 2008, standard "nail and mail" procedure. Mister Greene's affidavit records his conversation with the concierge of 609 Columbus Avenue to the effect that "the concierge confirmed the address. Apartment 18-R was listed under Mr. Nizan's wife's name and the concierge also stated Mr. Nizan lives at this address."

4. In his papers, defendant Nizan advises that he resides at 109 Boulevard Drive, Danbury, Connecticut, and has not resided at any address in the State of New York, a contention underscored by pointing out that the 609 Columbus Avenue apartment is owned by his wife and that he has no ownership interest therein. His argument necessarily confines the meaning of residence to the concept of domicile, which is not the meaning given it in the New York case law. Plaintiff will concede that his domicile seems to be in Connecticut, but, as more fully spelled out in plaintiff's memorandum of law, while one may have only one principal headquarters or domicile, one may have a number of residences, and it is respectfully submitted that he has not rebutted the evidence of the process server that his wife's Apartment 18-R at 609 Columbus Avenue in this City is one of his residences. Indeed, the issue is not actually "residence," but, under Rule 5(b)(2)(B)(ii), "the person's dwelling or usual place of abode." It is respectfully submitted that he has not rebutted the showing that he uses Apartment 18-R sufficiently (it need only be "sporadically") that it is one of his "abodes."

5. Moreover, as shown in the accompanying certificate pursuant to 28 United States Code Section 1746 of Joseph Shereshevsky, the business transaction prior to and on or

about May 25, 2001, whereby plaintiff Jassry acquired its Economic Interest in Lansdale was negotiated entirely at 158 Madison Avenue in this City in the State of New York, which is an independent basis for personal jurisdiction in this State as spelled out in plaintiff's memorandum of law.

6. Additionally, Jassry understands that it has not qualified as a duly elected Member lof Lansdale, it is a mere holder of an Economic Interest, and, as more fully spelled out in its memorandum of law, it has not standing to bring a derivative action in the right of Lansdale, which is, consequently, not a necessary party. Jassry's sole source of a remedy is defendant Nizan in hias individual capacity.

**CONCLUSION.** For the reasons stated herein, in the accompanying certificate of Joseph Shereshevsky, and plaintiff's memorandum of law, defendant's motion to dismiss the Complaint should be denied because he was properly served at his dwelling or usual place of abode in this State or because the transaction in issue was negotiated in the State of New York, and because, as a mere holder of an Economic Interest which is not in fact a Member of the limited liability company, plaintiff has no standing to bring a derivative action on its behalf so it is not a necessary party.

　　　　　　　　　　　　　　　　　　　　　　Robert Frederic Martin
　　　　　　　　　　　　　　　　　　　　　　(RFM: 4513)

Sworn to before me this
20th day of June, 2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
JASSRY PROPERTIES LLC,

        Plaintiff(s),

-against-

RAN NIZAN,

        Defendant(s).
-------------------------------------------------X

JUDGE RAKOFF
Index No. 08 CV 00536

AFFIDAVIT OF SERVICE

STATE OF NEW YORK  )
                         S.S.:
COUNTY OF NEW YORK)

       DARRYL A. GREEN, being duly sworn, deposes and says that he is over the age of eighteen years, is employed by the attorney service, DLS., Inc., and is not a party to this action.

       That on the 26th day of February 2008, at approximately the time of 7:45 p.m., deponent attempted to serve a true copy of the **SUMMONS AND COMPLAINT PLAINTIFF DEMANDS JURY TRIAL** upon Ran Nizan at 609 Columbus Avenue, New York, NY 10025. No answer was received when the concierge called the apartment 18-R and the concierge confirmed the address. Apartment 18-R was listed under Mr. Nizan wife's name and the concierge also stated Mr. Nizan lives at this address.

       That on the 27th day of February 2008, at approximately the time of 7:03 p.m., deponent again attempted to serve a true copy of the **SUMMONS AND COMPLAINT PLAINTIFF DEMANDS JURY TRIAL** upon Ran Nizan at 609 Columbus Avenue, New York, NY 10025, again no answer was received when the concierge called the apartment 18-R.

       That on the 1st day of March 2008, at approximately the time of 7:24 p.m., deponent again attempted to serve a true copy of the **SUMMONS AND COMPLAINT PLAINTIFF DEMANDS JURY TRIAL** upon Ran Nizan at 609 Columbus Avenue, New York, NY 10025, again no answer was received when the concierge called the apartment 18-R.

       That on the 8th day of March 2008, at approximately the time of 1:19 p.m., deponent again attempted to serve a true copy of the **SUMMONS AND COMPLAINT**

EXHIBIT A

**PLAINTIFF DEMANDS JURY TRIAL** upon Ran Nizan at 609 Columbus Avenue, New York, NY 10025, again no answer was received when the concierge called the apartment 18-R.

That on the 11th day of March 2008, at approximately the time of 8:25 a.m., deponent again attempted to serve a true copy of the **SUMMONS AND COMPLAINT PLAINTIFF DEMANDS JURY TRIAL** upon Ran Nizan at 609 Columbus Avenue, New York, NY 10025, again no answer was received when the concierge called the apartment 18-R.

That on the 15th day of March 2008, at approximately the time of 12:09 p.m., deponent again attempted to serve a true copy of the **SUMMONS AND COMPLAINT PLAINTIFF DEMANDS JURY TRIAL** upon Ran Nizan at 609 Columbus Avenue, New York, NY 10025, again no answer was received when the concierge called the apartment 18-R.

At that time, therefore, deponent served a true copy of the foregoing papers upon Ran Nizan by firmly affixing same conspicuously on the front door at that address, the actual place of residence.

That on the 17th day of March 2008, deponent served another copy of the foregoing upon Ran Nizan at 609 Columbus Avenue, New York, NY 10025, by first class mail, by enclosing a true copy thereof in a securely sealed and postpaid wrapper with the words "PERSONAL AND CONFIDENTIAL" written on the same envelope, and not indicating on the outside that it is from an attorney or concerns an action against the person to be served, and depositing the same into an official depository maintained by the Government of the United States, City and State of New York.

_____
DARRYL A. GREEN #0866535

Sworn to before me this
28th day of March, 2008

_____
NOTARY PUBLIC

JONATHAN T. RIPPS
Notary Public, State of New York
NO. 01RI6109718
Qualified in Rockland County
Certificate Filed in New York County
Commission Expires May 17, 20___

EXHIBIT A