UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASSRY PROPERTIES LLC,                    :     Index No. '08 Civ. 00536 (JSR)
                                          :
                    Plaintiff,            :
                                          :
    -against-                             :
                                          :
RAN NIZAN,                                :
                                          :
                    Defendant.            :

 

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DISMISSAL OF THE COMPLAINT AND IN SUPPORT OF AN AMENDMENT OF THE COMPLAINT

 

THE ABRAMSON LAW GROUP, PLLC
Attorneys for Plaintiff Jassry Properties LLC
570 Lexington Avenue – 23rd floor
New York, New York 10022
(212) 686-4401

Of counsel: Robert Frederic Martin
            Thomas F. Cohen

June 20, 2008

## CONTENTS

|  | Page |
|---|---|
| **PRELIMINARY STATEMENT** | 1 |
| **FACTS** | 1 |
| **ARGUMENT** | 3 |
| I  DEFENDANT'S ATTORNEY HAS ACCEPTED SERVICE, DEFENDANT HAS A DWELLING OR ABODE IN THIS CITY AND THE TRANSACTION IN ISSUE WAS NEGOTIATED IN THIS CITY AND STATE | 3 |
| II  SINCE PLAINTIFF IS NOT A MEMBER OF LANSDALE IT HAS NO STANDING TO BRING A DERIVATIVE ACTION AGAINST LANSDALE WHICH IS NOT A NECESSARY PARTY | 5 |
| **CONCLUSI ON** | 7 |

## TABLE OF AUTHORITIES

**Cases:**

| | |
|---|---|
| *CSC Holdings, Inc.* v. *Fung*, 349 F. Supp.2d 613 (E.D.N.Y. 2004) | 4 |
| *Hanson* v. *Denckla*, 357 U. S. 235 (1958) | 4-5 |
| *Krechmer* v. *Boulakh*, 277 A. D.2d 288, 715 N.Y.S.2d 253 (2d Dep't 2000) | 4 |
| *McGee* v. *International Life Insurance Co.*, 355 U. S. 220 (1957) | 5 |

**Statutes and Rules:**

| | |
|---|---|
| 28 United States Code Section 1764 | 2, 4 |
| New York Civil Practice Law and Rules: | |
|     Section 302: | 4 |
| Code of Virginia: | |
|     Section 13.1-1039 | 5 |
|     Sections 13.1-1042, 13.1-1043 | 6 |
| Federal Rules of Civil Procedure: | |
|     Rule 5 | 4 |

UNITED STATES DISTRICT COURT
<u>SOUTHERN DISTRICT OF NEW YORK</u>

| | |
|---|---|
| JASSRY PROPERTIES LLC, | Index No. '08 Civ. 00536 (JSR) |
| Plaintiff, | |
| -against- | |
| RAN NIZAN, | |
| Defendant. | |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DISMISSAL OF THE COMPLAINT AND IN SUPPORT OF AN AMENDMENT OF THE COMPLAINT

### PRELIMINARY STATEMENT

Plaintiff submits this memorandum of law in opposition to defendant's motion to dismiss the Complaint and in support of plaintiff's motion for leave to amend the Complaint.

### FACTS

As alleged in the Complaint (Exhibit A to defendant's ss motion papers):

Jassry is a limited liability company organized and existing under the laws of Virginia. Defendant Nizan has a residence, a dwelling or usual place of abode, at 609 Columbus Avenue, New York, New York, and is himself the manager, or controls those who serve as the managers, of Lansdale Apartments, LLC, owner of Lansdale Apartments at 2713 Azalea Garden Road, Norfolk, Virginia 23513 ("Lansdale"). On or about May 25, 2001, defendant Nizan granted plaintiff Jassry a twenty percent in Lansdale, but on only one occasion since that time has defendant Nizan caused issuance of a report of Lansdale's business operations, an IRS Form K-1, and has not accounted for dividends or other return on Jassry's twenty percent interest. It is believed that Nizan operates and manages and has operated and managed Lansdale for his own benefit as if it were his personal fief in which no one else had an interest or claim, all to the prejudice to Jassry's interest, and in breach of contract and fiduciary duty owed to Jassry. Accordingly, Jassry seeks damages from and equitable relief against Nizan to protect and secure the benefits of its economic interest in Lansdale.

Defendant's motion seeks to dismiss the Complaint for alleged lack of personal jurisdiction of the defendant, failure to join an indispensable party, Lansdale Apartments, LLC ("Lansdale"), and failure to state a claim on the grounds that plaintiff's claims purportedly belong to Lansdale and may only be asserted in a derivative action pleaded on behalf of Lansdale. As is shown by Exhibit D to defendant's moving papers, plaintiff's process server's affidavit (Exhibit A to plaintiff's papers in opposition to dismissal), and the certificate pursuant to 28 United States Code Section 1746 of Joseph Shereshevsky on behalf of plaintiff, the Summons and Complaint was served on defendant's attorney after defendant had authorized him to accept service, the Summons and Complaint was also served by "nail and mail" at 609 Columbus Avenue, Apartment 18-R, in Manhattan, owned by defendant's wife and known to be a dwelling place or abode of his, the transaction which is the basis of the action was entirely negotiated in offices at 158 Madison Avenue in this City and State, and the interest which plaintiff seeks to protect is a mere economic interest which as a matter of law deprives it of standing to sue a derivative action as urged by defendant – plaintiff has no remedy except against defendant individually.

ARGUMENT

I

**DEFENDANT'S ATTORNEY
HAS ACCEPTED SERVICE,
DEFENDANT HAS A DWELLING
OR ABODE IN THIS CITY AND
THE TRANSACTION IN ISSUE
WAS NEGOTIATED IN THIS
CITY AND STATE**

As shown in the April 2, 2008 letter of Peter M. Spett, Esq., defendant's attorney, a copy of which is included in Exhibit D to defendant's moving affidavit, defendant had duly "authorize[d him] to accept service on [defendant's] behalf," and service was thereafter made on Mr. Spett under cover of plaintiff's attorney's letter of May 16, 2008, a copy of which was also included in defendant's Exhibit D. It is not clear as to why this is not the end of the discussion as to personal jurisdiction.

Assuming that there is any more to be said, the Affidavit of Service of plaintiff's process server, Darryl A. Greene, verified on March 28, 2008, true copy annexed as Exhibit A to plaintiff's opposition papers, shows that he had made five attempts to deliver the Summons and Complaint to Apartment 18-R, 609 Columbus Avenue, New York, New York 10025, on February 26, 27, and March 1, 11, and 15, 2008, that he then affixed a copy of the papers on the door and followed up by mailing another copy on March 17, 2008, standard "nail and mail" procedure. Mister Greene's affidavit records his conversation with the concierge of 609 Columbus Avenue to the effect that "the concierge confirmed the address. Apartment 18-R was listed under Mr. Nizan's wife's name and the concierge also stated Mr. Nizan lives at this address." In his papers, defendant Nizan advises that he resides at 109 Boulevard Drive, Danbury, Connecticut, and has not resided at any

3

address in the State of New York, a contention underscored by pointing out that the 609 Columbus Avenue apartment is owned by his wife and that he has no ownership interest therein. His argument necessarily confines the meaning of residence to the concept of domicile, which is not the meaning given it in the New York case law. Plaintiff will concede that his domicile seems to be in Connecticut, but, while one may have only one principal headquarters or domicile, one may have a number of residences. "An individual may not own, or even spend the majority of his time, at a home that may, nonetheless, be found to constitute a dwelling place or usual place of abode." *CSC Holdings, Inc.* v. *Fung*, 349 F. Supp.2d 613, 618 (E.D.N.Y. 2004). The served party's usage of the abode may have occurred only "sporadically." *Krechmer* v. *Boulakh*, 277 A. D.2d 288, 289, 715 N.Y.S.2d 253 (2d Dep't 2000). It is therefore respectfully submitted that defendant has not rebutted the evidence of the process server that his wife's Apartment 18-R at 609 Columbus Avenue in this City is one of his residences. Indeed, the issue is not actually "residence," but, under Rule 5(b)(2)(B)(ii), "the person's dwelling or usual place of abode." It is respectfully submitted that he has not rebutted the showing that he uses Apartment 18-R sufficiently that it is one of his "abodes."

Moreover, as shown in the accompanying certificate pursuant to 28 United States Code Section 1746 of Joseph Shereshevsky, the business transaction prior to and on or about May 25, 2001, whereby plaintiff Jassry acquired its Economic Interest in Lansdale was negotiated with defendant Nizan entirely at 158 Madison Avenue in this City in the State of New York, which is an independent basis for personal jurisdiction in this State pursuant to CPLR 302(a)(1), which provides that "a court may exercise jurisdiction over any non-domiciliary . . . who in person or through an agent: transacts any business within the state." All that is required is "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state."

4

*Hanson* v. *Denckla*, 357 U. S. 235, 253 (1958). "It is sufficient for purposes of due process that the suit be based on a contract which had a substantial connection with that State." *McGee* v. *International Life Insurance Co.*, 355 U. S. 220, 223 (1957).

II

### SINCE PLAINTIFF IS NOT A MEMBER OF LANSDALE IT HAS NO STANDING TO BRING A DERIVATIVE ACTION AGAINST LANSDALE WHICH IS NOT A NECESSARY PARTY

Defendant's substantive defenses of failure to join an indispensable party, Lansdale Apartments, LLC ("Lansdale"), and failure to state a claim on the grounds that plaintiff's claims purportedly belong to Lansdale and may only be asserted in a derivative action pleaded on behalf of Lansdale, will not withstand even momentary examination. Although plaintiff has an equity or Economic Interest in Lansdale to the extent of twenty percent, it is not a member of Lansdale. The Code of Virginia, which concededly is controlling, expressly provides that:

> "An assignment of an interest in a limited liability company does not . . . entitle the assignee to participate in the management and affairs of the limited liability company or to become or to exercise any of the rights of a member. Such an assignment entitles the assignee to receive, to the extent assigned, only any share of profits and losses and distributions to which the assignor would be entitled." [Code of Virginia §13.1-1039]

The Operating Agreement of Lansdale, a copy of which is annexed to the affidavit of defendant Nizan in support of his motion to dismiss the Complaint as Exhibit C, provides consistently with the statute that the transferee such as Jassry of a member's Membership Interest or Economic Interest which has not been approved in writing by all other members "shall have no

right to participate in the management of the business and affairs of the Company or to become a member." [Section 10.2]   The Operating Agreement defines "Economic Interest" as "a Member's Economic Interest in the Company's Net Profits, Net Losses and distributions of the Company's assets . . . but shall not include any right to participate in the management or affairs of the Company, including the right to vote on, consent to or otherwise participate in any decision of the Members." Moreover, only "[a] member may bring an action in the right of a limited liability company to recover a judgment in its favor to the same extent that a shareholder may bring an action for a derivative suit," Code of Virginia §13.1-1042, in which "the plaintiff shall be a member at the time of bringing the action." Code of Virginia §13.1-1043.  Consequently the only remedy plaintiff has is against Nizan personally to the extent he has received benefits as a result of his status as the record owner of the twenty percent interest he sold to plaintiff.  It is this Economic Interest of the assignor, Nizan, to the extent of the twenty percent assigned to Jassry which Jassry seeks to protect in this action.  Lansdale is not a necessary party to the action because plaintiff has no standing as a matter of law to bring a derivative action.

## CONCLUSION

For the reasons stated herein, in the accompanying certificate of Joseph Shereshevsky, and in plaintiff's attorney's affidavit in opposition to defendant's motion, defendant's motion to dismiss the Complaint should be denied because he was properly served at his dwelling or usual place of abode in this State or because the transaction in issue was negotiated in the State of New York or both, and because, as a mere holder of an Economic Interest that is not in fact a Member of the limited liability company, plaintiff has no standing to bring a derivative action on its

behalf so the limited liability company is not a necessary party. Plaintiff should also be awarded its cost of these motions.

Respectfully submitted,

_____
Robert Frederic Martin
(RFM: 4513)
of counsel to
THE ABRAMSON LAW GROUP, PLLC
Attorneys for Plaintiff Jassry Properties LLC
570 Lexington Avenue – 23rd floor
New York, New York 10022
(212) 686-4401

Of counsel: Robert Frederic Martin
Thomas F. Cohen

June 20, 2008