UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------

| | |
|---|---|
| JASSRY PROPERTIES LLC, | 08 Civ. 00536 (JSR) |
| Plaintiff, | ECF Case |
| -against- | |
| RAN NIZAN, | |
| Defendant. | |

------------------------------------------------------------

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, FAILURE TO JOIN AN INDISPENSIBLE PARTY, AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

LAW OFFICE OF PETER M. SPETT
235 West 56th Street, Suite 31M
New York, New York 10019
Telephone: (917) 715-3823
Facsimile: (646) 895-7585

*Attorneys for Defendant Ran Nizan*

# TABLE OF CONTENTS

I. PLAINTIFF HAS FAILED TO ESTABLISH THAT THIS COURT MAY EXERCISE PERSONAL JURISDICTION OVER DEFENDANT............................................ 1

    A. Plaintiff's Service of Process Does Not Establish Jurisdiction ...................................... 1

    B. Plaintiff's Claims Do Not Arise from the Negotiation and Grant of an Interest in Lansdale LLC in New York.................................................................................................. 2

II. PLAINTIFF'S ADMITTED LACK OF MEMBERSHIP DOES NOT MEAN THAT LANSDALE LLC IS NOT A NECESSARY AND INDISPENSABLE PARTY TO THIS ACTION................................................................................................. 5

III. PLAINTIFF HAS NO STANDING TO MAKE ITS CLAIMS ON BEHALF OF LANSDALE LLC.............................................................................................................. 6

IV. DISCOVERY IN THIS ACTION SHOULD BE STAYED..................................................... 8

CONCLUSION............................................................................................................................. 9

## **TABLE OF AUTHORITIES**

**CASES**

Beacon Enterprises, Inc. v. Menzies, 715 F.2d 757 (2d Cir.1983) ............................................. 3

Best Van Lines, Inc. v. Walker, 490 F.3d 239 (2d Cir. 2007) ..................................................... 2

CSC Holdings, Inc. v. Fung, 349 F. Supp. 2d 613 (E.D.N.Y. 2004) ........................................... 2

DM II, Ltd. v. Hospital Corp. of America, 130 F.R.D. 469 (N.D. Ga. 1989) ............................. 6

Faherty v. Fender, 572 F. Supp. 142 (S.D.N.Y. 1983) ................................................................ 3

Fontanetta v. American Board of Internal Medicine, 421 F.2d 355 (2d Cir. 1970) ................... 3

General Technology Applications, Inc. v. Exro Ltda., 388 F.3d 114 (4th Cir. 2004) ................. 7

Hopkins v. Duckett, No. 02-5589 (JCL), 2006 WL 3373784 (D.N.J. Nov. 21, 2006) ................. 6

Johnson v. Ward, 829 N.E.2d 1201 (N.Y. 2005) ........................................................................ 3

Krechmer v. Boulakh, 715 N.Y.S.2d 253 (N.Y. App. Div. 2000) ............................................... 2

Kreutter v. McFadden Oil Corp., 522 N.E.2d 40 (N.Y. 1988) .................................................... 3

Landoil Resources Corp. v. Alexander & Alexander Services, 918 F.2d 1039 (2d Cir. 1990) ... 1

Linzer v. EMI Blackwood Music, Inc., 904 F. Supp. 207 (S.D.N.Y. 1995) ................................ 2

McGowan v. Smith, 419 N.E.2d 321 (N.Y. 1981) ....................................................................... 3

Pappas v. Arfaras, 712 F. Supp. 307 (E.D.N.Y. 1989) ................................................................ 6

Simmons v. Miller, 544 S.E.2d 666 (Va. 2001) .......................................................................... 7

Sole Resort, S.A. de C.V. v. Allure Resorts Management, LLC, 450 F.3d 100
    (2d Cir. 2006) ....................................................................................................................... 2-3

Standard Enterprises, Inc. v. Bag-It, Inc., 673 F. Supp. 1216 (S.D.N.Y. 1987) .......................... 1

Trademark Retail, Inc. v. Apple Glen Investors, L.P., 196 F.R.D. 535 (N.D. Ind. 2000) ........... 6

Trident-Allied Assocs., LLC v. Cypress Creek Assocs., LLC, 317 F. Supp. 2d 752 (E.D. Mich. 2004) ............................................................................................................. 6

United Computer Capital Corp. v. Secure Products, L.P., 218 F. Supp. 2d 273 (N.D.N.Y. 2002) .................................................................................................................. 4

U.S. Mexican Development Corp. v. Condor, No. 91 Civ. 5925, 1992 WL 27179, (S.D.N.Y. Feb. 5, 1992) .......................................................................................................... 3

Weber v. King, 110 F. Supp. 2d 124, 129-130 (E.D.N.Y. 2000) ............................................... 5, 7

Xedit Corp. v. Harvel Industries Corp., 456 F. Supp. 725 (S.D.N.Y. 1978) ................................ 4

Z-Rock Communications Corp. v. William A. Exline, Inc., No. C 03-02436, 2004 WL 1771569, at *19 (N.D. Cal. Aug. 6, 2004) ............................................................. 2

## STATUTES

N.Y. Civ. Prac. L. & R. § 302(a)(1) (2008) ................................................................................ 2-4

Va. Code § 13.1-1042 (2008) ...................................................................................................... 6-7

Va. Code § 13.1-1043 (2008) ......................................................................................................... 6

## RULES

Fed. R. Civ. P. Rule 5(b)(2)(b)(ii) .................................................................................................... 2

Fed. R. Civ. P. Rule 19 ................................................................................................................ 5-6

## TREATISES

12B Fletcher Cyclopedia of the Law of Corporations § 5908 ..................................................... 7-8

## ARGUMENT

### I. PLAINTIFF HAS FAILED TO ESTABLISH THAT THIS COURT MAY EXERCISE PERSONAL JURISDICTION OVER DEFENDANT

#### A. Plaintiff's Service of Process Does Not Establish Jurisdiction

In its papers opposing defendant's motion to dismiss, plaintiff concedes that defendant is a non-domiciliary of New York. See Paragraph 4 of the Affidavit of Robert Frederic Martin, sworn to June 20, 2008 ("Martin Aff."); Plaintiff's Memorandum of Law in Opposition to Dismissal of the Complaint and in Support of an Amendment of the Complaint ("Pl. Mem.") at p. 4. Defendant moved out of the apartment at 609 Columbus Avenue, New York, NY in 1998 and has not lived there ever since. See Paragraph 2 of Affidavit of Ran Nizan, sworn to June 21, 2008, in Further Support of Defendant's Motion to Dismiss ("Nizan Reply Aff."). He does not ever sleep at that apartment or use that apartment owned by his wife in any other way. Id. Based on inadmissible hearsay evidence of a conversation between the process server and the concierge at 609 Columbus Avenue, plaintiff nevertheless contends that defendant "resides" at that address. (Martin Aff. ¶¶ 3-4; Pl. Mem. at 2-4). However, when jurisdictional allegations are challenged, the evidence must consist of competent facts; hearsay and legal allegations are insufficient. See Standard Enterprises, Inc. v. Bag-It, Inc., 673 F. Supp. 1216, 1219 (S.D.N.Y. 1987), abrogated on other grounds in Landoil Resources Corp. v. Alexander & Alexander Services, Inc., 918 F.2d 1039 (2d Cir. 1990). Since Plaintiff provides no admissible evidence to support any conclusion that defendant resides at 609 Columbus Avenue, New York, New York, and defendant expressly refutes such a conclusion in his affidavits, the Court should find that no basis for personal jurisdiction exists upon defendant's residence. Id.

Moreover, plaintiff's arguments and cited authorities as to residency in the context of insufficiency of service of process have no relevancy as to defendant's motion to dismiss for lack

of personal jurisdiction. Cf. Fed. R. Civ. P. Rule 5(b)(2)(b)(ii) (rule for service of process); CSC Holdings, Inc. v. Fung, 349 F. Supp. 2d 613, 618 (E.D.N.Y. 2004) (making determination on validity of service of process); Krechmer v. Boulakh, 715 N.Y.S.2d 253 (N.Y. App. Div. 2000) (same). There is no motion before the Court concerning the sufficiency of service of process upon defendant. In this action, defendant's counsel accepted service of process expressly reserving any and all rights to challenge personal jurisdiction. See Paragraph 10 and Exhibit D of the Affidavit of Ran Nizan, sworn to June 4, 2008, in Support of Defendant's Motion to Dismiss. Acceptance of service by New York counsel should not waive the defense of lack of personal jurisdiction. See Z-Rock Communications Corp. v. William A. Exline, Inc., No. C 03-02436, 2004 WL 1771569, at *19 (N.D. Cal. Aug. 6, 2004). Otherwise, any non-resident with a local counsel, as required by the Court's local rules, would be subject to personal jurisdiction. Plaintiffs have provided no authority that counsel's acceptance of service constitutes waiver of personal jurisdiction. Id. Accordingly, plaintiff's factual and legal contentions about service of process in this action do not and should not give rise to any legal inferences or conclusions concerning whether this Court has personal jurisdiction over defendant.

**B.     Plaintiff's Claims Do Not Arise from the Negotiation and Grant of an Interest in Lansdale LLC in New York**

The only legal basis cited by plaintiff for this Court's exercise of personal jurisdiction over defendant is section 302(a)(1) of N.Y. Civil Practice Laws and Rules. Personal jurisdiction under section 302(a) (1) of New York's long-arm statute requires not only that the defendant transact business in the state, but that the complaint's causes of action arise from the in-state transactions. Best Van Lines, Inc. v. Walker, 490 F.3d 239, 246 (2d Cir. 2007); Linzer v. EMI Blackwood Music, Inc., 904 F. Supp. 207, 212 (S.D.N.Y. 1995). "[A] claim 'arises from' a particular transaction when there is 'some articulable nexus between the business transacted and

2

the cause of action sued upon,' or when 'there is a substantial relationship between the transaction and the claim asserted'." Sole Resort, S.A. de C.V. v. Allure Resorts Management, LLC, 450 F.3d 100, 103 (2d Cir.2006) (quoting McGowan v. Smith, 419 N.E.2d 321 (N.Y. 1981) and Kreutter v. McFadden Oil Corp., 522 N.E.2d 40 (N.Y. 1988)).

Further, a connection that is "merely coincidental" is insufficient to support jurisdiction. Johnson v. Ward, 829 N.E.2d 1201, 1203 (N.Y. 2005). Where the alleged injuries sustained and the resulting claims made in a complaint only bear an attenuated connection to the New York conduct upon which a plaintiff attempts to premise jurisdiction, they cannot be characterized as having "arisen from" such New York activity under CPLR 302(a)(1). See, e.g., U.S. Mexican Development Corp. v. Condor, No. 91 Civ. 5925, 1992 WL 27179, at *3-*5 (S.D.N.Y. Feb. 5, 1992) (holding defendant not subject to personal jurisdiction in New York even though contract between parties was negotiated and executed in New York, because complaint's alleged malpractice claims would have resulted from defendant's negligence in Texas); Faherty v. Fender, 572 F. Supp. 142, 145-148 (S.D.N.Y. 1983) (holding that even if defendant, a Texas resident, conducted substantial negotiations in New York with plaintiffs for oil and gas exploration agreements, plaintiff's causes of action based on those agreements arose from acts that occurred in Texas, and the court therefore did not have personal jurisdiction under the New York long-arm statute); Beacon Enterprises, Inc. v. Menzies, 715 F.2d 757, 763-764 (2d Cir.1983) (plaintiffs' declaratory judgment action that they were not infringing on defendant's trademarks did not arise from her New York business activities); Fontanetta v. American Board of Internal Medicine, 421 F.2d 355, 358-59 (2d Cir. 1970) (plaintiff's claim arose from his failure to pass oral medical boards administered in Pennsylvania and Missouri, not the administration of the written exam in New York).

3

Based on a new jurisdictional allegation not made in his original complaint but now raised for the first time in the declaration of Joseph Shereshevsky as plaintiff's managing member, plaintiff claims that it was granted a "twenty percent interest" in Lansdale LLC arising out of negotiations that were allegedly "conducted in offices at 158 Madison Avenue, New York, New York" during 2001. See Certificate of Joseph Shereshevsky dated June 20, 2008. Plaintiff does not offer any documents or tangible evidence to support this conclusory assertion. In his reply affidavit, defendant states all his conversations with Mr. Shereshevsky involving Jassry and Lansdale LLC occurred by telephone with defendant in Connecticut and with Mr. Shereshevsky in Virginia. (Nizan Reply Aff. ¶ 3). However, even assuming it were true that the parties negotiated plaintiff's purported interest in Lansdale LLC in offices located at 158 Madison Avenue, New York, New York, the fact that this alleged occurrence took place there would have been merely coincidental and does not comprise a sufficient nexus to the causes of action in the complaint against defendant for alleged mismanagement and breach of fiduciary duty in Virginia. Any such meeting or meetings in New York would relate only indirectly to plaintiff's claims against defendant, "representing mere link[s] in the chain of events leading to the claim[s] for which relief is sought." Xedit Corp. v. Harvel Industries Corp., 456 F. Supp. 725, 729 (S.D.N.Y. 1978); see also United Computer Capital Corp. v. Secure Products, L.P., 218 F. Supp. 2d 273, 278-279 (N.D.N.Y. 2002). Plaintiff's causes of action do not arise out of the negotiation and grant to plaintiff of an interest in Lansdale LLC in New York, but rather allege torts or breaches of duty by defendant in Virginia. Accordingly, plaintiff's argument that personal jurisdiction over defendant arises from the section 302(a)(1) of the New York long-arm statute must be rejected.

4

## II. PLAINTIFF'S ADMITTED LACK OF MEMBERSHIP DOES NOT MEAN THAT LANSDALE LLC IS NOT A NECESSARY AND INDISPENSABLE PARTY TO THIS ACTION

Facing the likelihood of dismissal based on the allegations made in the complaint, plaintiff elects to alter them in its opposition papers. Plaintiff now asserts that it does not have a membership interest, but instead only holds an "economic interest" in Lansdale LLC. (Martin Aff. ¶ 6; Pl. Mem. at 5-6). However, whether or not plaintiff is an actual member of the Lansdale LLC has no bearing on the fact that the Lansdale LLC is a necessary and indispensable party to this lawsuit under Rule 19 of the Federal Rules of Civil Procedure. The allegations made in the complaint all address alleged mismanagement of the LLC and breach of fiduciary obligations which could only be owed by defendant to Lansdale LLC. Plaintiff does not deny and cannot dispute any of the following points made by defendant in its moving brief:

- The complaint's two causes of action, by expressly and directly implicating the rights of Lansdale LLC and all of its members, make Lansdale LLC a necessary party under Rule 19(a). Lansdale LLC (and each and every one of its members) has an interest relating to the subject of the complaint's two causes of action which may, as a practical matter, be jeopardized or prejudiced by further adjudication in its absence.

- Any claims concerning mismanagement of the property of the LLC are exclusively the subject of a derivative action on behalf of the LLC.

- Both defendant and the absent Lansdale LLC would be prejudiced by not having Lansdale LLC as a party in this case. Any judicial determination by this Court as to defendant's actions with respect to the assets of Lansdale LLC would necessarily impact the interests of Lansdale LLC and all the individual Lansdale LLC members.

- Any claims concerning mismanagement of the property of the LLC are exclusively the subject of a derivative action on behalf of the LLC.

- Without having Lansdale LLC as a party in this action, defendant and Lansdale LLC may face multiple lawsuits and inconsistent judicial determinations on the same allegations as those made in the complaint.

- It is not possible for this Court to avoid the prejudice to defendant, Lansdale LLC, and the other members of Lansdale LLC by fashioning judicial relief when the dispute at

5

hand necessarily implicates the rights and the obligations of Lansdale LLC and assets of Lansdale LLC.

- A judgment rendered in the absence of Lansdale LLC clearly would be inadequate when the law demands that a derivative action be brought with respect to plaintiff's claims.

See generally Weber v. King, 110 F. Supp. 2d 124, 129-130 (E.D.N.Y. 2000); Trademark Retail, Inc. v. Apple Glen Investors, L.P., 196 F.R.D. 535, 538 (N.D. Ind. 2000); Trident-Allied Assocs., LLC v. Cypress Creek Assocs., LLC, 317 F. Supp. 2d 752, 754-756 (E.D. Mich. 2004); Hopkins v. Duckett, No. 02-5589 (JCL), 2006 WL 3373784, at *8 (D.N.J. Nov. 21, 2006).

Particularly significant here is the fact that plaintiff seeks equitable relief that would require this Court to make determinations that would directly affect the rights of all the members of Lansdale LLC. The absence of Lansdale LLC may subject Lansdale LLC and its members to subsequent lawsuits and inconsistent judgments. It would also be difficult for the Court to craft protective measures that would minimize this prejudice. See Pappas v. Arfaras, 712 F. Supp. 307, 310 (E.D.N.Y. 1989) (dismissing complaint brought by limited partner for failing to join all partners of the LLP for these reasons among others); DM II, Ltd. v. Hospital Corp. of America, 130 F.R.D. 469, 473-474 (N.D. Ga. 1989) (same). Accordingly, plaintiff's complaint must be dismissed for failure to join an indispensable party under Rule 19.

### III. PLAINTIFF HAS NO STANDING TO MAKE ITS CLAIMS ON BEHALF OF LANSDALE LLC

Plaintiff's arguments in its opposition papers also make clear that the complaint must be dismissed for failure to state a claim. Plaintiff correctly states that Va. Code §§ 13.1-1042 and 13.1-1043 expressly limit derivative actions to members of a limited liability company, and plaintiff now concedes that it is not a member of Lansdale LLC. (Martin Aff. ¶ 6; Pl. Mem. at 5-6). Therefore, plaintiff has no standing to make the claims alleged in the complaint either as a direct or as a derivative action.

Without any legal support, plaintiff concludes that because it does not meet the membership requirement for the derivative right of action created by Virginia Code § 13.1-1042, it has the right to create some kind of direct right of action against defendant for alleged injuries that would necessarily be suffered by Lansdale LLC. This argument is entirely illogical and should be rejected by the court. Nowhere in the complaint does plaintiff allege any direct injury – whether plaintiff be a member, holder of an economic interest, creditor, or have any other status.

Plaintiff does not allege a direct cause of action, since Virginia strictly adheres to the derivative claim rule for LLCs that follows the same standards required for corporate derivative actions. General Technology Applications, Inc. v. Exro Ltda, 388 F.3d 114, 118-119 (4th Cir. 2004) (applying to LLCs the principle set forth by the Virginia Supreme Court in Simmons v. Miller, 544 S.E.2d 666, 673-675 (Va. 2001) making no direct claim exceptions in cases of closely held corporations). It is black letter law that the standing to assert claims of mismanagement, waste and breach of fiduciary duty against a manager belong to the allegedly injured LLC or corporation, and therefore can only be brought by that entity in a derivative action. Id.; see generally Weber, 110 F. Supp. 2d at 132-133 (Courts " 'examine the nature of the wrongs alleged in the complaint, and not at the plaintiffs' characterization of their claims' . . . Courts also look at whether the injury resulting from the alleged wrongdoing is to the business entity or the party bringing suit. If the injury does not exist independently of the business entity, but rather is more accurately characterized as harm to the entity itself, and is similar to that suffered by other shareholders, then the action is derivative.") (citations omitted); 12B Fletcher Cyclopedia of the Law of Corporations § 5908 ("Where the basis of the action is a wrong to the corporation, redress must be sought in a "derivative" action. . . . In the shareholders' derivative

7

action the right of the plaintiff to maintain the action is derivative or secondary. The corporation is not merely a formal, but is an indispensable party to the action."). Accordingly, because plaintiff cannot claim a direct injury, it does not have standing to bring this action and its complaint must be dismissed for failure to state a claim.

## IV. DISCOVERY IN THIS ACTION SHOULD BE STAYED

Plaintiff does not argue against a stay of discovery in this action, and seeks to amend its complaint. Accordingly, defendant respectfully requests that all discovery in this action be stayed for the reasons set forth in his prior memorandum of law.

## **CONCLUSION**

For all the reasons set forth in Defendant's prior Memorandum of Law, this Reply Memorandum of Law and the two Affidavits of Defendant Ran Nizan in Support of Defendant's Motion to Dismiss, defendant respectfully requests this Court stay discovery in this action pending resolution of defendant's motion to dismiss, and grant an order:

A. Dismissing plaintiff's complaint in its entirety based upon lack of personal jurisdiction; or

B. In the alternative, dismissing plaintiff's complaint in its entirety for failure to join an indispensable party; or

C. In the alternative, dismissing plaintiff's complaint in its entirety for failure to state a claim upon which relief can be granted; and

D. Granting such other relief as this Court may deem just and proper.

Dated: New York, New York
June 27, 2008

          Respectfully submitted,

          LAW OFFICE OF PETER M. SPETT

          By: /s/ Peter M. Spett
              Peter M. Spett (PMS-1080)
              235 West 56th Street, Ste. 31M
              New York, New York 10019
              Telephone: (917) 715-3823
              Facsimile: (646) 895-7585

          *Attorneys for Defendant Ran Nizan*