UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
JASSRY PROPERTIES LLC,

              Plaintiff,

     -against-

RAN NIZAN,

              Defendant.
-------------------------------------------------------

08 Civ. 00536 (JSR)

ECF Case


**SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**


LAW OFFICE OF PETER M. SPETT
235 West 56th Street, Suite 31M
New York, New York 10019
Telephone: (917) 715-3823
Facsimile: (646) 895-7585

*Attorneys for Defendant Ran Nizan*


# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................. 1

ARGUMENT ............................................................................................................... 2

    PLAINTIFF HAS FAILED TO ESTABLISH PERSONAL JURISDICTION
    OVER DEFENDANT BY A PREPONDERANCE OF EVIDENCE ........................ 2

        A.    At an Evidentiary Hearing, Plaintiff Must Prove the Existence of
             Personal Jurisdiction by a Preponderance of the Evidence ............................ 2

        B.    Plaintiff Has Failed to Prove Jurisdiction Under NY CPLR § 301 ................ 3

        C.    Plaintiff Has Failed to Prove Jurisdiction Under NY CPLR § 302(a)(1) ...... 4

             1.   Plaintiff has failed to show by a preponderance of the
                  evidence that it was granted a twenty percent economic interest
                  as a result of substantial negotiations that occurred in New York with
                  defendant .................................................................................................. 4

             2.   Plaintiff has not met its burden of proving by a preponderance
                  of the evidence "substantial" negotiations in New York ......................... 7

CONCLUSION .......................................................................................................... 10

# TABLE OF AUTHORITIES

**CASES**

Ball v. Matellurgie Hoboken-Overpelt, S.A., 902 F.2d 194 (2d Cir.), cert. denied, 498 U.S. 854 (1990) ............................................................................................................................. 2

Bear, Stearns & Co., Inc. v. Ralph C. Wilson Industries, Inc., No. 91 Civ. 2223 (LMM), 1991 WL 211203 (S.D.N.Y. Oct. 9, 1991) ........................................................................ 8

Cambridge Energy Corp. v. Tri-Co. Fuels, Inc., 637 F. Supp. 1210 (S.D.N.Y. 1986) ................... 8

CutCo Indus., Inc. v. Naughton, 806 F.2d 361 (2d Cir. 1986) ....................................................... 3

Lehigh Valley Industries, Inc. v. Birenbaum, 527 F.2d 87 (2d Cir.1975) ...................................... 8

Robinson v. Overseas Military Sales Corp., 21 F.3d 502 (2d Cir. 1994) ....................................... 2

Volkwagenwerk Aktiengesellschaft v. Beech Aircraft Corp., 751 F.2d 117 (2d Cir. 1984) .......... 3

**STATUTES**

N.Y. Civ. Prac. L. & R. § 301 (2008) ............................................................................................. 3

N.Y. Civ. Prac. L & R. § 302(a)(1) ........................................................................................... 4-10

## PRELIMINARY STATEMENT

Defendant began its moving brief with a statement that bears repeating now that an evidentiary hearing has been held by the Court to resolve the issue of personal jurisdiction:

> Not a single valid reason exists why this case should be in this Court. Nevertheless, plaintiff, a Virginia limited liability company whose members are residents of the state of Virginia, has elected to commence this action before this Court against a citizen of the state of Connecticut claiming alleged mismanagement of Lansdale Apartments LLC ("Lansdale"), also a Virginia limited liability company, which has all of its assets in Virginia. (Def. Mem. of Law in Support of his Motion to Dismiss at 1).

At the evidentiary hearing, Joseph Shereshevsky admitted that plaintiff commenced this action in New York for a purely <u>invalid</u> reason – because Mr. Shereshevsky had a "good relationship" with the New York law firm currently representing him in this action (Transcript of Evidentiary Hearing held on Aug. 6, 2008 in <u>Jassry Properties, LLC v. Nizan</u>, 08 Civ. 536 (hereinafter "Tr.") at p. 33).[1]

As shown below, at the evidentiary hearing, plaintiff failed to sustain its burden of proving by a preponderance of the evidence that this Court may exercise personal jurisdiction over defendant in New York. In addition to the testimony and evidence elicited at the evidentiary hearing and the arguments set forth below, defendant believes that certain additional background information may be useful in assisting the Court in making its determination on defendant's motion to dismiss for lack of jurisdiction.

After many years of not being "in touch" with defendant (Tr. 26), Mr. Shereshevsky filed his complaint in this action on behalf of plaintiff on or about January 22, 2008 and filed a separate complaint in a related action presently before Judge Keenan, <u>Shereshevsky v. Nizan</u>, 07 Civ. 9814, on or about November 6, 2007. These complaints were filed shortly after Mr.

---

[1] A complete copy of the Transcript of Evidentiary Hearing held on Aug. 6, 2008 is attached as Exhibit B to the Declaration of Peter M. Spett dated August 11, 2008 ("Spett Decl.").

Shereshevsky was personally served with a summons on October 15, 2007 naming him, along with Amnon Cohen and others, as defendants in a lawsuit commenced by Whitestone Management, LLC, a limited liability company in which defendant is the manager, alleging <u>inter alia</u> that they looted the company (Spett Decl. ¶¶ 2-4, Exh. A). Joseph Shereshevsky has appeared through counsel in that action, which is currently proceeding in Illinois State Circuit Court in Cook County, Illinois (Spett Decl. ¶¶ 2-4, Exh. A). Accordingly, Mr. Shereshevsky misinformed the Court when he testified at the evidentiary hearing that he was not aware that he was a defendant in this Illinois lawsuit commenced by defendant's company (Tr. 43). As argued below, this is just one of several examples revealing Mr. Shereshevsky's lack of credibility, which is one of the reasons why plaintiff has not sustained its burden of proving personal jurisdiction over defendant in New York State.

## ARGUMENT

### PLAINTIFF HAS FAILED TO ESTABLISH PERSONAL JURISDICTION OVER DEFENDANT BY A PREPONDERANCE OF EVIDENCE

#### A. At an Evidentiary Hearing, Plaintiff Must Prove the Existence of Personal Jurisdiction by a Preponderance of the Evidence

The Second Circuit has held in no uncertain terms where a district court conducts an evidentiary hearing at which defendant contests the plaintiff's factual allegations as to personal jurisdiction, "the plaintiff must prove the existence of jurisdiction by a preponderance of the evidence." <u>Ball v. Matellurgie Hoboken-Overpelt, S.A.</u>, 902 F.2d 194, 197 (2d Cir.), <u>cert. denied</u>, 498 U.S. 854 (1990) (affirming district court's dismissal of action for lack of jurisdiction); <u>see also</u> <u>Robinson v. Overseas Military Sales Corp.</u>, 21 F.3d 502, 507 n.3 (2d Cir. 1994) ("If, however, the district court holds an evidentiary hearing, the plaintiff must demonstrate personal jurisdiction by a preponderance of the evidence"; citing <u>CutCo Indus. , Inc.</u>

v. Naughton, 806 F.2d 361, 364 (2d Cir. 1986) and Volkwagenwerk Aktiengesellschaft v. Beech Aircraft Corp., 751 F.2d 117, 120 (2d Cir. 1984)).

Plaintiff is incorrect if it asserts that it only has a burden of showing prima facie that the court has personal jurisdiction over defendant. Second Circuit precedent clearly requires plaintiff's burden of proof to be at the considerably greater level of preponderance of the evidence because of the evidentiary hearing, and argumentative inferences favorable to plaintiff may not be drawn by the Court. Ball, 902 F.2d at 197; Robinson, 21 F.3d at 507. As shown below, plaintiff has failed to prove personal jurisdiction over defendant in New York by a preponderance of the evidence, and accordingly, this action should be dismissed.

**B.     Plaintiff Has Failed to Prove Jurisdiction Under NY CPLR § 301**

Under New York law, defendant is only subject to general personal jurisdiction in New York if he is currently either a New York domiciliary or is "doing business" in the state. See N.Y. Civ. Prac. L. & R. § 301 (2008) (codifying case law that incorporates "doing business" standard). At the evidentiary hearing, defendant testified that he presently lives in Connecticut (Tr. 50) and has no present business in New York (Tr. 51). Defendant further testified that he resided in New York for the period 1995 through 1998 (Tr. 52) and has not lived in New York since 1998 (Tr. 51-52). In his testimony, Joseph Shereshevsky testified that he has not been in touch with defendant for years and "the last I know of I just assume [that defendant's residence is] 109 Boulevard Drive in Danbury, Connecticut" (Tr. 26). Moreover, at the hearing, plaintiff did not provide any evidence whatsoever that defendant presently resides or conducts business in New York State. Accordingly, plaintiff has failed to establish general personal jurisdiction over defendant in New York.

### C.     Plaintiff Has Failed to Prove Jurisdiction Under NY CPLR § 302(a)(1)

Specific personal jurisdiction over a non-domiciliary defendant in New York State under CPLR § 302(a)(1) arises only where there is a "substantial relationship" or "articulable nexus" between business transacted in New York State by the defendant and the causes of action asserted by the plaintiff. Best Van Lines, Inc. v. Walker, 490 F.3d 239, 249 (2007).

Paragraph 4 of plaintiff's amended complaint alleges:

> On or about May 25, 2001, as a result of negotiations conducted substantially in an office at 158 Madison Avenue in Manhattan in the State of New York, defendant Nizan granted plaintiff Jassry a twenty percent economic interest in Lansdale Apartments, LLC, owner of Lansdale Apartments at 2713 Azalea Garden Road, Norfolk, Virginia 23513 ("Lansdale").

However, as shown below, plaintiff has failed to sustain its burden of proving this allegation by a preponderance of the evidence and therefore has not established specific personal jurisdiction exists over defendant in New York State. Furthermore, even in the unlikely event the Court determines that some conversations took place between Mr. Shereshevsky and defendant in New York, plaintiff has failed to sustain its burden of proving by a preponderance of the evidence that any alleged New York negotiations concerning Lansdale were sufficiently "substantial" to confer specific personal jurisdiction.

> **1. Plaintiff has failed to show by a preponderance of the evidence that it was granted a twenty percent economic interest as a result of substantial negotiations that occurred in New York with defendant.**

The evidence at hearing demonstrated the parties never met in New York to discuss a grant of an interest in Lansdale in 2000 or 2001. Defendant testified at the evidentiary hearing that he never met with plaintiff's managing member, Joseph Shereshevsky, in New York during the years 2000 and 2001 (Tr. 49-50, 53), and that, as an employee of the various real estate

4

companies run by defendant, Joseph Shereshevsky had no business reasons to be in New York (Tr. 50).

Joseph Shereshevsky testified that he had numerous conversations with defendant about receiving an interest in Lansdale, and that Lansdale was brought up in almost every conversation he had with defendant relating to rent rolls over the years (Tr. 31-32). Although Mr. Shereshevsky claimed that fifteen to twenty of his numerous conversations with defendant concerning Lansdale occurred in New York (Tr. 31-32), he admitted that negotiations as to plaintiff's interest in Lansdale began with the purchase of the Lansdale property in Virginia when he claimed defendant introduced him to the property's seller as his "partner" (Tr. 14-15, 21) and thereafter "it was an on-going conversation when[ever] we met, whether it be in Connecticut, Norfolk[, VA], or in New York, it was an on-going conversation because I wanted it in writing and I wanted to know how much" (Tr. 27).

However, the only evidence "in writing" provided by plaintiff during the evidentiary hearing showed that negotiations concerning the grant of an interest to plaintiff in Lansdale occurred entirely outside of New York. The document admitted into evidence at the hearing as Plaintiff's Exhibit 2, which plaintiff claims to confirm agreement "in writing" between the parties concerning its interest in Lansdale, shows that it was faxed from Connecticut on April 27, 2001 and then faxed from Wintergreen Park, Nebraska on April 30, 2001 (Tr. 15-16, 18-21; Spett Decl. ¶ 6, Exh. C). Other documents claimed by plaintiff to evidence its interest in Lansdale, a K-1 tax statement and a schedule in defendant's bankruptcy petition, were issued in Connecticut (Tr. 22-23, 62-64).

Accordingly, the only evidence presented by plaintiff that any Lansdale negotiations occurred between the parties in New York is Mr. Shereshevsky's testimony. He testified that out

5

of the numerous discussions in the parties' "on-going conversation" about Lansdale over the years, approximately 15 to 20 occurred at 158 Madison Avenue (Tr. 25-29). However, there are many reasons to doubt the veracity of Mr. Shereshevsky's testimony on this subject.

First, Mr. Shereshevsky admitted to the Court his true motive to bring this lawsuit in New York:

> THE COURT: But you could have brought this by your own statement, you had dealings about this matter in Norfolk, Virginia and elsewhere, so why didn't you bring this action in Norfolk, for example?
>
> THE WITNESS: I have a good relationship with this law firm and I chose it here. . . (Tr. 33).

Second, Mr. Shereshevsky confirmed that he had no business purpose to be at 158 Madison Avenue in New York (Tr. 50). Mr. Shereshevsky testified that managing properties for defendant's various real estate companies involved all of his time (Tr. 32-33). He testified that the properties he managed were in Virginia, Nebraska, Indiana, Ohio, West Virginia, and "that's pretty much it" (Tr. 32). He admitted that he was never responsible for managing any properties in New York (Tr. 29).

Third, Mr. Shereshevsky testified that in order to travel to New York, he would have to drive here and sometimes stay overnight (Tr. 36). Therefore, Mr. Shereshevsky's testimony that he met 15 to 20 times with defendant at 158 Madison Avenue in New York is not consistent with his testimony that he spent all of his time managing properties in Virginia, Nebraska, Indiana, Ohio and West Virginia (Tr. 29, 32-33). Since Mr. Shereshevsky never met defendant in New York in 2000 or 2001 and "had nothing to do in New York" according to defendant's testimony (Tr. 50, 52), a fact also confirmed by Mr. Shereshevsky's testimony (Tr. 29, 32), it defies logic

that defendant would have Mr. Shereshevsky spend a significant amount of time driving to and from New York to meet with him.

Fourth, the overall credibility of Mr. Shereshevsky's testimony should be viewed with suspicion at minimum. Mr. Shereshevsky was convicted of conspiracy in the commission of bank fraud in 2002, a crime of deception (See Tr. 40-42; Spett Decl. ¶ 7, Exh. D). Although Mr. Shereshevsky testified at the hearing that he did not serve any time in prison (Tr. 38), his court records show that Mr. Shereshevsky was arrested in Virginia on March 3, 1999 with respect to his criminal case, was imprisoned until March 15, 1999, and that part of his conviction sentence was for "time served" (Spett Decl. ¶¶ 7-9, Exhs. D, E & F). Mr. Shereshevsky also testified that he was "not aware" that he is a defendant in a lawsuit in Illinois State Court commenced by a company managed by defendant (Tr. 43). However, Mr. Shereshevsky was personally served with the summons in that lawsuit on October 15, 2007 and has appeared and filed motions in that lawsuit through counsel (Spett Decl. ¶¶ 2-4, Exh. A). These and other inconsistencies in the record show that Mr. Shereshevsky's testimony is unreliable.

For all the reasons set forth above, the Court should reach a determination that plaintiff has failed to meet its burden of proving specific personal jurisdiction over defendant in New York by a preponderance of the evidence, and accordingly dismiss this action.

### 2. Plaintiff has not met its burden of proving by a preponderance of the evidence "substantial" negotiations in New York.

Even in the unlikely event the Court determines that plaintiff has sustained its burden of proving the parties discussed the grant of an economic interest in Lansdale while in New York, plaintiff still has not sustained its burden of proving by a preponderance of the evidence that any such alleged discussions constituted material or substantial negotiations. As stated by the court

7

in <u>Bear, Stearns & Co., Inc. v. Ralph C. Wilson Industries, Inc.</u>, No. 91 Civ. 2223 (LMM), 1991 WL 211203, at *2 (S.D.N.Y. Oct. 9, 1991):

> [M]ere presence of the defendant for negotiation of a contract is without jurisdictional significance where material terms of the contract have already been decided and a face-to-face meeting is not substantially important to the formation of the contract. <u>Lehigh Valley Industries, Inc. v. Birenbaum</u>, 527 F.2d 87, 91 (2d Cir.1975) (meeting in the forum state regarding an employment contract was without jurisdictional significance where salary, term of office, and form of the contract were already fixed prior to the meeting, and parties merely added names and addresses of employees and employer); <u>Cambridge Energy Corp. v. Tri-Co. Fuels, Inc.</u>, 637 F. Supp. 1210[,] 1212-13 [(S.D.N.Y. 1986)] (no in personam jurisdiction where all significant negotiations regarding the contract had been conducted by telephone and mail, and nothing of substance was discussed while defendants were in the forum state).

Defendant testified that he never negotiated an alleged grant of an economic interest in Lansdale with plaintiff in New York at any time during 2000 through 2001 (Tr. 50, 52). In contrast, Mr. Shereshevsky's testimony of where negotiations took place concerning Lansdale is rife with contradictory unreliable assertions, vagueness and ambiguity, and lack of recall. First, in answering his counsel's questions concerning his discussions with defendant about the alleged grant of an economic interest in Lansdale, Shereshevsky testified:

> It was, it was an ongoing conversation when we met, whether it be in Connecticut, Norfolk or in New York, it was an on-going conversation because I wanted it in writing and I wanted to know how much. As a matter of fact, the K1 was a discussion we had in the office that he owned at 158 Madison. The whole discussion that I wanted a K1 happened in that office, and he will remember it clearly (Tr. 27).[2]

---

[2] On cross-examination, plaintiff admitted that defendant did not personally own any office at 158 Madison Avenue (Tr. 29-30). Defendant testified that the 158 Madison Avenue office was owned by Overlook LLC, a limited liability company managed by Mr. Isaac Perry, and was rented by Aspen Capital LLC, a limited liability company managed by Mr. Amnon Cohen (Tr. 51-52). Defendant testified that he visited 158 Madison Avenue about once every two months in 2000 and 2001, but did not have an office, telephone, or receive mail there (Tr. 50, 52).

Then, in response to his counsel's questions as to the amount of the alleged grant of economic interest in Lansdale discussed with defendant, Mr. Shereshevsky testified:

> In all the conversations that we had, which were almost all of them related to rent rolls, how to get the rent rolls up, we were speaking about [] compensation. That was the only time we would be speaking about the compensation when he kept pushing with the rent rolls up. So to confine one specific conversation that was specifically about that [(the grant of an interest in Lansdale)] I can't do that, but that was the whole body of our conversations (Tr. 28).

Subsequently, in response to the Court's questions about conversations concerning the alleged grant to plaintiff of a twenty-percent economic interest in Lansdale, Shereshevsky changed and contradicted his prior testimony:

> THE WITNESS: He said I'll give you 20 percent and I said fine.
>
> THE COURT: Okay. And where did that conversation first occur?
>
> THE WITNESS: The bulk of that conversation?
>
> THE COURT: Yes.
>
> THE WITNESS: There was one time in Virginia that he called me a partner, but the bulk of that conversation I had with him in 158 Madison Avenue, because that's where Amnon Cohen was and he says whatever he gives me he has to give Amnon, and that's where we discussed it primarily. When he came to Virginia he would come in the morning and leave in the afternoon and then we went to see some properties (Tr. 35-36).

Plaintiff has not met its burden of proving "substantial" negotiations in New York by a preponderance of the evidence. Mr. Shereshevsky's self-contradictory and ambiguous testimony as to various locations where discussions took place about Lansdale is directly rebutted and contested by defendant's specific and clear testimony that he never negotiated Lansdale with Mr. Shereshevsky in New York. Also, for the reasons articulated in Point C.1. supra, the Court should give greater credence to defendant's testimony than to Mr. Shereshevsky's testimony.

9

Moreover, as shown above, Mr. Shereshevsky's testimony is also contradicted by the documents he claims confirm the grant of an economic interest in Lansdale to plaintiff "in writing." The document admitted into evidence at the hearing as Plaintiff's Exhibit 2, which plaintiff claims to confirm agreement between the parties concerning its interest in Lansdale, shows that it was faxed from Connecticut on April 27, 2001 and faxed from Wintergreen Park, Nebraska on April 30, 2001 (Tr. 15-16, 18-21). Other documents claimed by plaintiff to evidence its interest in Lansdale, a K-1 tax statement and a schedule in defendant's bankruptcy petition, were issued in Connecticut (Tr. 22-23, 62-64).

Accordingly, based on all the evidence presented to the Court, plaintiff cannot sustain its burden of proving specific personal jurisdiction over the defendant by a preponderance of the evidence, and this action must be dismissed.

## CONCLUSION

For all the reasons set forth in Defendant's prior Memoranda of Law and this Supplemental Memorandum of Law, defendant respectfully requests this Court grant an order dismissing plaintiff's complaint in its entirety based upon lack of personal jurisdiction, and grant defendant such other relief as this Court may deem just and proper.

Dated: New York, New York
      August 11, 2008

                        Respectfully submitted,

                        LAW OFFICE OF PETER M. SPETT

                        By: _____
                            Peter M. Spett (PMS-1080)
                            235 West 56th Street, Ste. 31M
                            New York, New York 10019
                            Telephone: (917) 715-3823
                            Facsimile: (646) 895-7585

                        *Attorneys for Defendant Ran Nizan*