UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASSRY PROPERTIES LLC,                : Index No. '08 Civ. 00536 (JSR)
               Plaintiff,             :
                                      :
       -against-                      :
                                      :
RAN NIZAN,                            :
                                      :
               Defendant              :

**PLAINTIFF'S MEMORANDUM OF LAW IN
SUPPORT OF THIS COURT'S PERSONAL
JURISDICTION OF DEFENDANT AND IN
OPPOSITION TO DISMISSAL OF THE
COMPLAINT**

THE ABRAMSON LAW GROUP, PLLC
Attorneys for Plaintiff Jassry Properties LLC
570 Lexington Avenue – 23rd floor
New York, New York 10022
(212) 686-4401

Of counsel: David S. Abramson
            Robert Frederic Martin
            Irwin Cohen
            Adina Glass

August 11, 2008

## CONTENTS

| | Page |
|---|---|
| **PRELIMINARY STATEMENT** | 1 |
| **ARGUMENT** | 2 |
| DEFENDANT IS SUBJECT TO THE PERSONAL JURISDICTION OF A NEW YORK COURT BY TRANSACTING WITHIN THE STATE THE VERY BUSINESS IN ISSUE IN THIS ACTION | 2 |
| **CONCLUSION** | 4 |

### AUTHORITIES

**Cases:**

*Canadian Imperial Bank of Commerce* v. *Saxony Carpet Company*, 899 F. Supp. 1248 (S.D.N.Y. 1995), *aff'd*, 104 F.3d 392 (2nd Cir. 1996) — 3

*CIBC Mellon Trust Company* v. *Mora Hotel Corporation*, 296 A.D.2d 81, 743 N.Y.S.2d 408, (1st Dep't 2002), *aff'd*, 100 N.Y.2d 215, 792 N.E.2d 155, 762 N.Y.S.2d 5 (2003), *cert. den'd*, 540 U.S. 948, 124 S.Ct. 399 (2003) — 3

*Kreutter* v. *McFadden Oil Corp.*, 71 N.Y.2d 460, 527 N.Y.S.2d 195, 198-99, 522 N,E.2d 40 (1988) — 3

*McGee* v. *International Life Insurance Co.*, 355 U.S. 220 (1957) — 3

**Rules of Court:**

Federal Rules of Civil Procedure:
   Rule 4 — 2

New York Civil Practice Law and Rules:
   Section 302 — 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASSRY PROPERTIES LLC,  :  Index No. '08 Civ. 00536 (JSR)
                 Plaintiff,  :

-against-  :

RAN NIZAN,  :

                 Defendant.  :

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF THIS COURT'S PERSONAL JURISDICTION OF DEFENDANT AND IN OPPOSITION TO DISMISSAL OF THE COMPLAINT**

**PRELIMINARY STATEMENT**

Plaintiff Jassry, LLC ("Jassry" or "plaintiff"), is a limited liability company organized under the laws of the Commonwealth of Virginia, and defendant Nizan ("Nizan" or "defendant") is domiciled at 109 Boulevard Drive, Danbury, Connecticut, but is believed by plaintiff to have a dwelling or place of usual abode at 609 Columbus Avenue, New York, New York, in particular, in apartment 18-R, an apartment concededly owned by Nizan's wife Efrat. As alleged in the Amended Complaint, by an agreement between plaintiff acting through Joseph Shereshevsky and defendant reached on or about May 25, 2001, in the course of negotiations conducted in material part, as Mr. Shereshevsky has testified, between Nizan and Joseph Shereshevsky on behalf of Jassry in offices at 158 Madison Avenue, New York, New York, Nizan granted Jassry a twenty percent interest in Lansdale Apartments, LLC ("Lansdale"), owner of an apartment complex in Norfolk, Virginia. *See also* §13 to Plaintiff's Exhibit 2, a copy of a two-page agreement, and the Exhibit 1 entry for Jessry and Lansdale on Amended Schedules dated December 27, 2002, to Nizan's personal bankruptcy petition. Defendant Nizan has admitted entering into negotiations looking to granting

Shereshevsky a twenty percent interest in Lansdale, but has denied that these negotiations were ever fully concluded and has also denied that he ever met with Shereshevsky in New York for any purpose.

Referring to Exhibits B and C to the moving affidavit of Ran Nizan sworn to on June 4, 2008, Lansdale is a limited liability company organized under the laws of the Commonwealth of Virginia having its principal offices at 109 Boulevard Drive, Danbury, Connecticut, the residence address of defendant Nizan, whose members, North Star, LLC, a limited liability company organized under the laws of the State of Connecticut, and Lansdale Apartments Corporation, a corporation organized and existing under the laws of the Commonwealth of Virginia, each has its principal address at 109 Boulevard Drive, Danbury, Connecticut. Pursuant to the direction of this court, an evidentiary hearing on the issue of the court's personal jurisdiction of Nizan was held on August 6, 2008, and has been adjourned to August 11, 2008. Plaintiff submits this memorandum of law in aid of the court's resolution of the issues raised at the hearing pursuant to the direction of the court at the conclusion of the proceedings on August 6, 2008.

## ARGUMENT

### DEFENDANT IS SUBJECT TO THE PERSONAL JURISDICTION OF A NEW YORK COURT BY REASON OF TRANSACTING WITHIN THE STATE THE VERY BUSINESS IN ISSUE IN THIS ACTION

Section 302(a)(1) of the Civil Practice Law and Rules, available as a basis for jurisdiction pursuant to Rule 4(k)(1) of the Federal Rules of Civil Procedure, provides that "As to a cause of action arising from any of the acts enumerated in this section, a court may exercise

personal jurisdiction over any non-domiciliary . . . who in person or through an agent: 1. transacts any business within the state . . . ."

> "CPLR 302(a_(1), the provision in issue . . . , authorizes the court to exercise jurisdiction over nondomiciliaries for tort and contract claims arising from a defendant's transaction of business in this State. It is a 'single act statute' and proof of one transaction in New York is sufficient to invoke jurisdiction, . . . so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted." (Citations omitted) (*Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 527 N.Y.S.2d 195, 198-99, 522 N,E.2d 40 (1988); accord, *CIBC Mellon Trust Company v. Mora Hotel Corporation*, 296 A.D.2d 81, 743 N.Y.S.2d 408, 421 (1st Dep't 2002), *aff'd*, 100 N.Y.2d 215, 792 N.E.2d 155, 762 N.Y.S.2d 5 (2003), *cert. den'd*, 540 U.S. 948, 124 S.Ct. 399 (2003); *Canadian Imperial Bank of Commerce v. Saxony Carpet Company*, 899 F. Supp. 1248, 1253 (S.D.N.Y. 1995), *aff'd*, 104 F.3d 392 (2nd Cir. 1996))

As alleged in the Amended Complaint and described in Shereshevsky's testimony (and denied in material part by defendant Nizan), "as a result of negotiations conducted substantially at 158 Madison Avenue in Manhattan in the State of New York, defendant Nizan granted Jassry a twenty percent economic interest in Lansdale Apartments, LLC, owner of Lansdale Apartments at 2713 Azalea Garden Road, Norfolk, Virginia 23513 ('Lansdale')." Therefore, the claims at issue as thus described arose from the negotiations in this State between plaintiff's representative and the defendant, meeting the requirements of *Kreutter v. McFadden Oil Corp. supra,* that "there is a substantial relationship between the transaction and the claim asserted." All that due process requires is "that the suit [be] based on a contract which had a substantial connection with that State." *McGee v. International Life Insurance Co.*, 355 U.S. 220, 223 (1957).

3

## CONCLUSION

Accordingly, plaintiff has demonstrated *prima facie* that this court has personal jurisdiction of defendant by reason of defendant's transacting business in this State, negotiating the contract which forms the basis of this lawsuit, and defendant's motion to dismiss should be denied, with costs.

Dated: New York, New York
August 11, 2008

Respectfully submitted,

Robert Frederic Martin
(RFM 4513)

of counsel to
THE ABRAMSON LAW GROUP, PLLC
Attorneys for Plaintiff Jassry Properties LLC
570 Lexington Avenue – 23rd floor
New York, New York 10022
(212) 686-4401

Of counsel: David S. Abramson
Robert Frederic Martin
Irwin Cohen
Adina Glass

4